**Emanuel V. FIORE, Plaintiff,**

v.

**FAMILY PUBLICATIONS SERVICE, Inc., a Corporation, Defendant.**

**No. 57 C 319(3).**

United States District Court
E. D. Missouri, E. D.
Dec. 20, 1957.

Maurice S. Karner, John W. Barry, St. Louis, Mo., for plaintiff.

J. H. Cunningham, Jr., Willson, Cunningham & McClellan, St. Louis, Mo., for defendant.

WEBER, District Judge.

Plaintiff filed suit against defendant, a New York corporation, in the Circuit Court of the City of St. Louis, Missouri, seeking to recover damages for defend-

ant's alleged failure to supply him, upon his written request, with a service letter at the termination of his services as manager of defendant's St. Louis office. Summons was issued out of the Missouri Circuit Court and was had by delivering a copy of the writ to a person in charge of defendant's St. Louis office. The cause was removed to the Federal Court and is presently pending upon defendant's amended motion to quash service and to dismiss. There is diversity of citizenship and the amount involved is sufficient to give this Court jurisdiction to determine the issues raised by defendant's amended motion.

Defendant makes a limited appearance to present the jurisdictional proposition that because it is not licensed to do business in the State of Missouri and is engaged exclusively in interstate commerce, it is, therefore, not subject to service and suit in this state.

It is necessary to the determination thereof to view the nature of defendant's activities in the State of Missouri. These are disclosed and before the Court upon interrogatories and affidavit and reveal the following:

Defendant is a private corporation, organized under the laws of the State of New York, with principal office in New York City; it has another office in Bergenfield, New Jersey; while defendant owns no real estate in Missouri, it maintains an office in downtown St. Louis and equips that office with furniture, supplies and a few sample magazines which the independent salesmen, as described below, carry with them and exhibit to prospective subscribers.

The defendant uses the services of an independent sales force, made up of individuals, not employees of this defendant, but whose business is the solicitation of magazine subscriptions; these individuals are not subject to any direction or control by defendant and solicit magazine subscriptions which they tender

for sale to defendant's St. Louis office by written orders, which are in turn forwarded to defendant's New Jersey office and are there subject to its approval or disapproval; if accepted, these orders are sent to the various magazine firms designated, for them to fulfill the subscription by sending the magazines to the various subscribers obtained.

The facts also show that defendant operates through an independent collection force, again made up of individuals, not employees of defendant, who make monthly and other periodical collections on these magazine contracts which have been purchased by defendant; these collectors likewise are not subject to any direction or control of defendant; the collections are taken to defendant's St. Louis office, deposited in defendant's St. Louis bank, and subsequent thereto defendant's manager in charge of the St. Louis office transmits funds to the New Jersey office representing the net collections for specified periods of time.

The facts further reveal that defendant employs various managers throughout the country and in this particular instance employs a manager who operates its office in the City of St. Louis and the plaintiff formerly served as such; it also employs others to serve as office help in its St. Louis office; all of its contracts of employment are executed in New York; the St. Louis manager, besides forwarding money and written orders, also forwards to the New Jersey office reports of sales, collections and expenses; defendant periodically forwards funds to the St. Louis office for deposit to its account in its St. Louis bank in amount sufficient to pay these magazine orders which it has approved and for certain office expenses.

The Missouri Statute provides that when an employee of a corporation is discharged or voluntarily quits, he shall be furnished a severance letter upon his written request[1]. Missouri courts

---

1. "Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the writ-

have held this section constitutional[2] and the Eighth Circuit has affirmed a judgment based on it[3]. Therefore, the plaintiff states sufficient facts for a cause of action.

Thus, the only question directly presented to the Court is, does such activity on the part of the defendant constitute sufficient "presence" within the State of Missouri to justify the service of process upon the defendant in Missouri in a suit wherein a former employee seeks to recover damages he alleges arose out of and incidental to his employment which took place in Missouri?

It has long been the rule that if defendant is a nonresident corporation, service can only be made upon it if it is "doing business" in the district or state. Green v. Chicago, Burlington & Quincy Ry. Co., 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916. However, the Court therein stated it did not "undertak[e] to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred * * *" 205 U.S. loc. cit. 533, 27 S.Ct. at page 596. This wording restricted the finding to the particular facts therein involved and has led to subsequent decisions, which have broadened the applicability of the term "doing business" for the purposes of suit and service.

For instance, in the case of International Harvester Co. of America v. Commonwealth of Kentucky, 1914, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479, the Supreme Court affirmed a district court decision which held a non-resident corporation to be subject to Kentucky service of process where it maintained an office only for the purpose of soliciting business. The Court pointed out therein that:

"Here was a continuous course of business in the solicitation of orders which were sent to another state, and in response to which the machines of the Harvester Company were delivered within the state of Kentucky. This was a course of business, not a single transaction. The agents not only solicited such orders in Kentucky, but might there receive payment in money, checks, or drafts. They might take notes of customers, which notes were made payable, and doubtless were collected, at any bank in Kentucky. This course of conduct of authorized agents within the state in our judgment constituted a doing of business there in such wise that the Harvester Company might be fairly said to have been there, doing business, and amenable to the process of the courts of the state." Id., 234 U.S. at page 585, 34 S.Ct. at page 946, 58 L.Ed. at page 1482.

In a more recent case, International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the Supreme Court held the appellant non-resident corporation amenable to the unemployment tax law of the State of Washington and subject to being sued thereon in that state. It is worth noting that in the International Shoe case, su-

ten request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; and if any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by

such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, and shall be punished by a fine in any sum not exceeding five hundred dollars, or by imprisonment in the county jail for a period not exceeding one year, or by both such fine and imprisonment." § 290.140 RSMo 1949, V.A.M.S.

2. State ex rel. Terminal R. R. Ass'n of St. Louis v. Hughes, 1943, 350 Mo. 869, 169 S.W.2d 328.

3. Brink's, Inc., v. Hoyt, 8 Cir., 1950, 179 F.2d 355.

pra, the majority opinion pointed out that by:

> " * * * conducting [certain] activities within a state, [the corporation] enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." Id., 326 U.S. at page 319, 66 S.Ct. at page 160, 90 L.Ed. at page 104.

This same reasoning was followed by the Missouri Supreme Court in the case of Hayman v. Southern Pacific Co., Mo. 1955, 278 S.W.2d 749, 752. See also Collar v. Peninsular Gas Co., Mo.1956, 295 S.W.2d 88, 93.

█ It is, therefore, apparent that the nature of the activities of the non-resident corporation are to be used in determining whether it is subject to service within the state within which the activities are carried on, and especially is this true if the action brought is to recover for some injury or damage arising out of said activities.

Here was a continuous process by which the defendant was enabled to obtain and service Missouri subscribers of out-of-state publications. Although defendant did make use of independent salesmen and collectors, nonetheless the facts indicate that the defendant's St. Louis office was an integral part of this process. It was engaged in taking orders from various salesmen and forwarding them to the New Jersey office, depositing collections on these subscriptions and making payments thereon, and rendering reports to the company. The plaintiff has alleged he was an integral part of this office in that he was the manager thereof, and he seeks to recover for alleged damages he has sustained through defendant's neglect to comply with the Missouri law requiring the fur-

nishing of a service letter at the termination of his services. Similar to the International Shoe case, supra, defendant, in so far as operating its St. Louis office, receives the benefit and protection of Missouri laws. Thus, it does not seem unreasonable to impose obligations on the defendant as to employment of persons in this Missouri operation. And, failure to meet its fair and just obligations will subject said non-resident to service of process within this state. Surely it is not undue for the defendant to be required to answer for a wrong arising out of this employment which is at the very core of its activities.

█ For the purposes of this cause of action, and under the facts herein presented, defendant is "doing business" in Missouri as to make it amenable to service of process. Therefore, an order overruling defendant's amended motion to quash service and to dismiss shall be prepared and entered.