**Joe T. SHANNON, Plaintiff,**

v.

**BROWN AND WILLIAMSON TOBACCO CORPORATION, Defendant.**

**No. 1607.**

United States District Court
W. D. Missouri, S. D.

Nov. 26, 1958.

Wear & Wear, Springfield, Mo., for plaintiff.

Miller, Fairman & Sanford, Springfield, Mo., for defendant.

R. JASPER SMITH, District Judge.

Plaintiff, a resident of Missouri, instituted this action against defendant, a Delaware corporation, in the Circuit Court of Greene County, Missouri. On October 16, 1958, the cause was removed to this Court on diversity of citizenship grounds. Thereafter defendant moved to dismiss on the theory that it is not doing business within the state in a manner such as to be amenable to process.

Defendant is a Delaware corporation. Its principal office and factory are located in Kentucky. Plaintiff was employed by defendant as a solicitor from November 26, 1956, to May 10, 1958, at which time he was discharged from his employment. Defendant has no office

within the State of Missouri, is not authorized to do business in Missouri, and has no property in the state. W. C. Jones, who was plaintiff's immediate supervisor, is a division sales manager of defendant corporation. He resides at 1536 North Kentwood, Springfield, Missouri. The record substantially discloses the nature of the activity carried on within the state. Jones and his subordinates called upon retail establishments to stimulate the purchase of defendant's products. Apparently they did not make direct sales but encouraged these outlets to patronize the wholesalers and jobbers in the area who handled defendant's merchandise. The wholesalers and jobbers ordered goods directly from defendant and these were shipped into the state for distribution by them. Plaintiff was paid by check drawn on a bank in Louisville, Kentucky. He received his instructions for performing his job by letter from defendant from its Home Office. Whether or not the agents took orders for defendant's products from the wholesalers is a matter of disagreement. Defendant maintains that there was no authority to make any sales on its account. Plaintiff asserts that he and Jones did take orders from wholesalers and jobbers on defendant's behalf. It is uncontested, however, that whatever sales transactions did occur were between defendant at its office in Kentucky and the wholesalers and jobbers who served as outlets in Missouri.

█ The service of process by which it was attempted to subject defendant to the jurisdiction of the state court was under Section 506.150(3) RSMo 1949, V. A.M.S. It was served upon W. C. Jones at his residence in Springfield, Missouri. The service involved was issued out of the state court. Jurisdiction here is derivative. The validity of the service and of our consequent jurisdiction is to be determined by state law. Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33.

The Supreme Court of Missouri has expressed its views in at least three instances since the decision of the United States Supreme Court in the landmark case of International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. These are Collar v. Peninsular Gas Company, Mo.1956, 295 S.W.2d 88; Hayman v. Southern Pacific Company, Mo.1955, 278 S.W.2d 749, and Wooster v. Trimont Mfg. Co., 1947, 356 Mo. 682, 203 S.W.2d 411. Missouri has expressed a willingness to extend its jurisdiction over foreign corporations to the limits allowed within the bounds of due process. Collar v. Peninsular Gas Company, supra. Where this outer limitation falls, however, is a matter on which the cases are not uniform, and is to be determined here by the interpretation of the state court.

█ The opinion in Hayman v. Southern Pacific Company, supra, is written by Judge Hyde. In it he carefully discusses the law as it stands presently relating to jurisdiction over foreign corporations. The impact of the International Shoe Co. case, supra, is digested. It is his conclusion that there has not been a radical departure in the law, and that prior case precedent by which the outer limits of due process had been slowly defined is still in effect. As to older case law such as Green v. Chicago, B. & Q. R. Co., 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, he states:

> "We think the ruling in the Green case is still the law of the United States Supreme Court in this kind of case. Our decisions following it are certainly the law of this state and are applicable to the facts of this case." [278 S.W.2d 752.]

In the past it has been a well recognized rule that mere solicitation of orders by corporate agents within a state does not render a corporation amenable to process therein. Green v. Chicago, B. & Q. R. Co., supra; People's Tobacco Co. v. American Tobacco Co., 1918, 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587; 20 C.J.S. Corporations § 1920(8). Defendant's Missouri activities amounted to no more than this. No office was maintained. Agents were present in the state for the purposes of solicitation only. The practices of defendant here are substantially identical with the situation existing

in the People's Tobacco Co. case. It was there held that there was insufficient corporate activity to subject the corporation to suit within the state. The Hayman case, supra, as declaratory of the state law, follows the same premise.

For these reasons the motion to dismiss for lack of jurisdiction over defendant is sustained. It is so ordered.