**Robert GIBBS and Grace L. Gibbs, d/b/a Appliances by Gracie, Plaintiffs,**

**v.**

**RCA VICTOR DISTRIBUTING CORPORATION, and Appliance Buyers Credit Corporation, Defendants.**

**No. 1955.**

United States District Court
W. D. Missouri, S. D.

Feb. 13, 1963.

Ivella McWhorter Elsey, Springfield, Mo., for plaintiffs.

Schwab & Dwyer, Springfield, Mo., for defendants.

JOHN W. OLIVER, District Judge.

This case pends on the separate motions of both defendants to quash service and the motion of RCA Victor to dismiss.

We must rule the motions to quash in spite of the fact that regardless of our decision on that matter the question is quite academic. Both defendants admit that they are authorized to do business in this state, and that they have a registered agent for service. Section 1448 of Title 28 United States Code, provides that if the service in the State court is in fact and law defective, new process may be issued in the same manner as in cases originally filed in this District Court.

Rule 4(f) of the Rules of Civil Procedure eliminated the formerly existing complex question as to whether service within the State but outside the territory of the District Court is or is not valid. That Rule provides that it is valid.

The validity of the service already had in this case is dependent upon the meaning that must be given the language contained in V.A.M.S. Section 506.150(3), and Rule 54.06(c) of the Missouri Rules of Civil Procedure as to whether the individual employees of each defendant can be said to be a "general" agent of their respective foreign corporations.

The Committee Note to the latter Rule correctly points out that it is but a codification of the existing Missouri law. The annotation to that Rule correctly notes that the adjectives describing the

sort of agent upon whom valid service may be made is comparable to Rule 4(d) of the Federal Rules of Civil Procedure.

Not infrequently the question of whether a foreign corporation is amenable to any service is the subject of litigation. See Fiore v. Family Publications Service (E.D.Mo.1957), 157 F. Supp. 572, where a motion to quash was overruled, and compare Shannon v. Brown & Williamson Tobacco Corp. (W. D.Mo.1958) 167 F.Supp. 493, where a motion to quash was sustained.

The quite fine point that defendants' motions to quash raises in this case has not been the subject of any adjudicated cases because, as Professor Moore points out in § 422, 2 Moore Federal Practice 959, "the term 'general agent' is probably a sufficiently broad term to include any person deemed by the common or general law to have sufficient authority to warrant service of process upon such person".

The Eighth Circuit Court of Appeals in Vilter Manufacturing Co. v. Rolaff, 8th Cir., 1940, 110 F.2d 491, sustained the validity of service upon the assistant to a vacationing sales representative of a foreign corporation that questioned whether it was doing business in Missouri. That court sustained the service on the general theory that the "[s]ervice was obtained upon an agent who, it is fair to assume, would give immediate notice to the defendant".

It is clear that the defendants received prompt notice of the pendency of this action. We think also that the duties of these defendants as outlined in the affidavits show that their duties as agents were sufficiently broad so that they must be held to be general agents within the meaning of the statute and rule of Missouri. We make this determination independently of the fact that the question is academic from a practical viewpoint in view of the federal service procedure available to plaintiff after removal.

We have reviewed RCA Victor Distributing Corporation's motion to dismiss and find it without merit. It should be, and is, therefore denied without prejudice.

The motions of both defendants to quash, for the reasons above stated, should be and the same hereby are overruled.

This case will be set for pre-trial conference during the week of March 11, 1963, notice of which will promptly be forthcoming. The Court at this time, because of the nature of the case involved, requests that counsel carefully comply with the instructions for pretrial that will be set forth on the pretrial notice and that thought be given as to whether any legal questions may be made ripe for adjudication prior to trial by agreement and stipulation of the parties.

It is so ordered.