Joe SIMPKINS, d/b/a Joe Simpkins Equipment Leasing Company, E–Z Ice Dispensing Corporation, a corporation, and Louis Schreiber, Plaintiffs,

v.

COUNCIL MANUFACTURING CORPO-RATION, a corporation, Defendant.

No. 63 C 103(3).

United States District Court
E. D. Missouri, E. D.

Aug. 14, 1963.

Carroll J. Donohue, Martin Schiff, Jr., Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, Mo., Harold D. Carey, Hinkel & Carey, St. Louis, Mo., for plaintiffs.

John J. Cole, Heneghan, Roberts & Cole, St. Louis, Mo., for defendant.

REGAN, District Judge.

This matter is before the Court on Council Manufacturing Corporation's Motion To Quash Summons And To Dis-miss. Plaintiffs are Missouri residents and defendant, Council Manufacturing Corporation, is an Arkansas corporation, not licensed to do business in Missouri. The action arises out of a purchase by plaintiff, Simpkins, of ice making and ice vending equipment. Plaintiffs caused summons to be served upon the Secretary of State for the State of Missouri and upon one Wade H. Littrell. Plaintiff has conceded the invalidity of service upon the Secretary of State in this action but opposes the Motion To Quash Service up-on Wade H. Littrell. It is plaintiffs' position that defendant, Council Manufacturing Corporation, is "doing business" in Missouri and is amenable to service of process in Missouri, and that Wade H. Littrell manifests defendant's presence in the State and is, therefore, the proper person to receive service of process.

Both plaintiff and defendant have filed affidavits and exhibits and adduced testimony upon hearing of the motion and the matter was submitted upon filing of briefs. The record shows that defendant had for a short period prior to 1961 designated a person as its representative in Missouri who personally solicited and obtained orders subject to defendant's approval, and who was paid on a commission basis. Advertising brochures mailed to prospective purchasers in Missouri had designated that representative as defendant's "district manager". In addition, the record shows that on several occasions defendant sent servicing personnel into Missouri to service machines manufactured by it, and made deliveries of its equipment to customers in Missouri.

Littrell is registered under the Fictitious Name Statutes of the State of Missouri doing business as The Eager Beaver Company and operates a distributorship business for ice machines, ice vending equipment, drink-maker combination machines, soda fountains, walk-in freezers, soft ice cream freezers and related equipment. Approximately eighty per cent (80%) of his sales to customers are of equipment manufactured by defendant. He, nevertheless, purchases equipment from numerous manu-

facturers and re-sells the same to customers in various parts of the country, particularly in the midwest. Littrell is not an employee of Council Manufacturing Corporation, but operates as an independent contractor. All purchases of Littrell from defendant are at distributors prices, and Littrell re-sells to his customers at prices fixed by him. Defendant furnishes Littrell with advertising material regarding its machines but Littrell develops his own customers, conducts his own advertising, provides his own repair service to customers and is not subject to any direction, control or authority of defendant. Littrell purchases from defendant on his own account, normally attaches payment with the purchase order, and provides delivery of the equipment at the customer's cost.

The record indicates that Council Manufacturing Corporation maintains no office, warehouse, stock of goods, telephone or bank account in the State of Missouri and has no employees or agents in the State. In view of expressions of the Missouri Supreme Court determining when foreign corporations are amenable to service of process under Section 506.150 Vernon's Annotated Missouri Statutes, the activities of defendant in the State of Missouri do not constitute "doing business" so as to bring it within the jurisdiction of the Court. See Collar v. Peninsular Gas Co. (1956), Mo., 295 S.W.2d 88, Hayman v. Southern Pacific Co. (1955), Mo., 278 S.W.2d 749, and Wooster v. Trimont Manufacturing Co. (1947), 356 Mo. 682, 203 S.W.2d 411. See also Shannon v. Brown and Williamson Tobacco Corporation, D.C., 167 F.Supp. 493. The activities of Littrell were independent from those of the defendant and cannot be considered activities of the defendant in the State of Missouri. The contacts of defendant in Missouri are too minimal to constitute a continuous, systematic and substantial engagement in activities in the State of Missouri to establish jurisdiction in the Missouri State or Federal Courts. Therefore, purported service upon Littrell under F.R.Civ.P. Rule 4(d) (3) or

(7) must fail. Long v. Victor Products Corporation, 8 Cir., 297 F.2d 577.

In accordance with the above finding, it is ordered that defendant's motion to quash service is sustained and the action is dismissed without prejudice to bringing it the proper forum.