**CENTRAL INSURANCE AGENCY CO., Inc., Plaintiff,**

v.

**FINANCIAL CREDIT CORP., American Security & Trust Co., Finance Company of America, Defendants.**

**Civ. A. No. 2247-63.**

United States District Court
District of Columbia.

Oct. 16, 1963.

Edmund D. Campbell, Washington, D. C., for plaintiff.

John C. Poole, Washington, D. C., for defendant Financial Credit Corporation.

Richard H. Nicolaides, Washington, D. C., for defendant American Security & Trust.

HOLTZOFF, District Judge.

This is a motion by defendant Financial Credit Corporation to quash service of process upon it on the ground that as a foreign corporation it is not subject to service of process in the District of Columbia because it is not doing or transacting business therein. The action is brought for breach of contract. The contract was executed in the District of Columbia, under which the plaintiff was to make certain payments to the defendant. The defendant then designated an escrow agent in the District of Columbia with whom the payments were to be deposited. Consequently, not only was the contract executed in the District of Columbia, but continuous acts of performance of the agreement were also to take place in the District of Columbia.

The Court is of the opinion that service of process in this case was valid. This conclusion is reached on two grounds, either one of which is sufficient, in the opinion of the Court, to sustain the result. First, the Court is of the opinion that the defendant has been doing business in the District of Columbia within the meaning of the law relating to service of process on a foreign corporation. As previously stated the contract was made here, an escrow agent in the District of Columbia was appointed by the defendant, this escrow agent was to receive payments under the contract in behalf of the defendant, and the plaintiff was to make payments here to the escrow agent. This situation differs drastically from that presented in those cases which hold that mere solicitation of business in the District of Columbia resulting in a contract made elsewhere is not sufficient to constitute doing business in this jurisdiction. In the instant case we have a contract that was actually made here, and here acts of performance were to take place.

It is asserted in behalf of the defendant that a single act of transaction of business is not sufficient to constitute doing business in the District of Columbia. There are indeed expressions here and there to that effect, but there is no binding or controlling authority so holding. In fact, in Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 133, 134

F.2d 511, 146 A.L.R. 926, it was stated by the Court of Appeals that contracting casually or continuously is not essential for jurisdictional purposes. Therefore, the Court concludes that the defendant corporation has been doing business here within the meaning of the applicable statute and is subject to service here.

■ The second ground leading to the same conclusion is a narrower one. To repeat, we have here an action on a contract made in the District of Columbia. The applicable statute, D.C.Code, Title 13–103, specifically provides:

> "When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District."

Thus Congress clearly intended that, as to contracts made in the District of Columbia, limitations on service of process in the District should be more liberal, perhaps, than as to actions on contracts entered into elsewhere.

. Here, of course, service was not made on any employee because, according to the defendants' contention, they have no officers or employees here. Another statute, however, Title 29–933i(b) of the District of Columbia Code, provides:

> "If any foreign corporation shall transact business in the District without a certificate of authority, it shall, by transacting such business, be deemed to have thereby appointed the Commissioners its agent and representative upon whom any process, notice, or demand may be served."

Service was made in this action under that provision.

The two statutes to which reference has just been made must be read *in pari materia.* In respect to actions on contracts made in the District of Columbia, service on any agent or employee in the District is sufficient. The statute last mentioned makes the Commissioners of the District of Columbia the agent of the corporation. It follows by ineluctable logic that service made here is valid under these statutes.

So far as public policy is concerned, when a corporation or person comes into the District, makes a contract here and then seeks to escape being sued here for breach of the contract, the courts should not be astute to approve ways and means to avoid service in this District.

The motion to quash service is denied.