Joe SIMPKINS, d/b/a Joe Simpkins Equipment Leasing Company, et al., Appellants,

v.

COUNCIL MANUFACTURING CORPORATION, a Corporation, Appellee.

No. 17519.

United States Court of Appeals
Eighth Circuit.

June 10, 1964.

Martin Schiff, Jr., of Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., Harold D. Carey of Hinkel & Carey, St. Louis, Mo., for appellant.

John J. Cole of Heneghan, Roberts & Cole, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, RIDGE and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

The troublesome question presented by this appeal is whether the defendant Council Manufacturing Corporation, an Arkansas corporation, not licensed in Missouri, had sufficient minimum contacts with Missouri so as to be "doing business" in Missouri and to be amenable to process in that state and whether de-

fendant's corporate presence in Missouri was manifested by Littrell, the person upon whom service of process was attempted. Such issues arose upon defendant's motion to quash summons and dismiss plaintiffs' complaint for lack of jurisdiction over the defendant.

The record before us includes the amended complaint, the motion, various affidavits and testimony bearing upon the jurisdiction issue. The motion to dismiss for want of jurisdiction was sustained without prejudice to plaintiffs' right to prosecute the suit in the proper forum. The court's memorandum opinion is published at 221 F.Supp. 111. This timely appeal is taken from the final judgment of dismissal.

Plaintiffs' pleaded cause of action is that plaintiffs were fraudulently induced to purchase from defendant certain ice-making and vending equipment for $37,-000. Breach of warranty is also pleaded. It is asserted that the machinery sold did not function as represented or warranted. Plaintiff Simpkins claims $32,-000 actual damages and $25,000 punitive damages.[1]

The complaints contain no allegation as to the place the cause of action arose. Plaintiffs have neither pleaded nor proved that the transaction giving rise to this cause of action originated in Missouri. The only relevant evidence in the record as to place of sale is that all sales made and accepted by defendant were consummated at Fort Smith, Arkansas.

Defendant is an Arkansas corporation with its office and principal place of business at Fort Smith, Arkansas. It has never been qualified or licensed to do business in Missouri and has no registered office or agent in Missouri. Plaintiffs claim jurisdiction over defendant was acquired by service of process in Missouri upon defendant on April 1, 1963, by serving Wade H. Littrell "who plaintiffs' attorney advises is agent and salesman for

---

1. Plaintiffs E-Z Ice Dispensing Corporation and Louis Schreiber in separate counts rely upon the same fraud and breach of warranty as a basis for their claims for damages. Such claims are substantially similar to those of the plaintiff Simpkins.

\* \* \* Council Manufacturing Corporation." [2]

The court found as a fact that Littrell operates his own distributing business in Missouri and that approximately 80% of the products he handles were manufactured by the defendant but that he purchased some goods from other manufacturers. With respect to Littrell's relationship to defendant, the court finds:

"He, nevertheless, purchases equipment from numerous manufacturers and re-sells the same to customers in various parts of the country, particularly in the midwest. Littrell is not an employee of Council Manufacturing Corporation, but operates as an independent contractor. All purchases of Littrell from defendant are at distributors prices, and Littrell re-sells to his customers at prices fixed by him. Defendant furnishes Littrell with advertising material regarding its machines but Littrell develops his own customers, conducts his own advertising, provides his own repair service to customers and is not subject to any direction, control or authority of defendant. Littrell purchases from defendant on his own account, normally attaches payment with the purchase order, and provides delivery of the equipment at the customer's cost." 221 F.Supp. 111, 111–12.

With respect to other activities of the defendant within Missouri, the court's findings are:

"The record shows that defendant had for a short period prior to 1961 designated a person as its representative in Missouri who personally solicited and obtained orders subject to defendant's approval, and who was paid on a commission basis. Advertising brochures mailed to prospective purchasers in Missouri had designated that representative as defendant's 'district manager'. In addition, the record shows that on several occasions defendant sent servicing personnel into Missouri to service machines manufactured by it, and made deliveries of its equipment to customers in Missouri." 221 F.Supp. 111.

The court further found:

"The record indicates that Council Manufacturing Corporation maintains no office, warehouse, stock of goods, telephone or bank account in the State of Missouri and has no employees or agents in the State." 221 F.Supp. 111, 112.

The court then states the basis of its decision as follows:

"In view of expressions of the Missouri Supreme Court determining when foreign corporations are amenable to service of process under Section 506.150 Vernon's Annotated Missouri Statutes, the activities of defendant in the State of Missouri do not constitute 'doing business' so as to bring it within the jurisdiction of the Court. See Collar v. Peninsular Gas Co. (1956), Mo., 295 S.W. 2d 88, Hayman v. Southern Pacific Co. (1955), Mo., 278 S.W.2d 749, and Wooster v. Trimont Manufacturing Co. (1947), 356 Mo. 682, 203 S.W.2d 411. See also Shannon v. Brown and Williamson Tobacco Corporation, D. C., 167 F.Supp. 493. The activities of Littrell were independent from those of the defendant and cannot be considered activities of the defendant in the State of Missouri. The contacts of defendant in Missouri are too minimal to constitute a continuous, systematic and substantial engagement in activities in the State of Missouri to establish jurisdiction in the Missouri State or Federal Courts. Therefore, purported service upon Littrell under F.R. Civ.P.Rule 4(d) (3) or (7) must fail. Long v. Victor Products Corpora-

**2.** Plaintiffs also made service of process upon the Secretary of State but conceded in the trial court that such service was not valid. Plaintiffs place no reliance upon such service on this appeal.

tion, 8 Cir., 297 F.2d 577." 221 F. Supp. 111, 112.

Defendant's motion challenging the court's jurisdiction raises lack of jurisdiction upon the basis of Missouri law and upon the violation of federal due process. The court's determination that it has no jurisdiction over the defendant appears to be based upon Missouri law. The cases cited in support of its conclusion are Missouri cases. There is no discussion in the opinion of federal due process.

In Jennings v. McCall Corp., 8 Cir., 320 F.2d 64, we considered a problem strikingly similar to that presented here. We there considered the pertinent Missouri cases cited by the trial court in the present case, including Hayman v. Southern Pacific Co., Mo., 278 S.W.2d 749, and Collar v. Peninsular Gas Co., Mo., 295 S.W.2d 88, and stated:

"We believe that the excerpts quoted from the Hayman and the Collar cases, and such cases when read as a whole, strongly tend to indicate that the Missouri courts require something more than minimum compliance with federal due process to constitute doing business such as will make a foreign corporation amenable to state jurisdiction. Such cases and the authorities heretofore cited support the trial court's view that the origin of a cause of action within the state is an important factor to consider in determining for state jurisdictional purposes whether the foreign corporation was doing business in the state. The Hayman case, in view of its similar factual background, is direct precedent for such view. We cannot say the trial court's conclusion that McCall is not amenable to process in Missouri is induced by any misinterpretation or misapplication of Missouri law." 320 F.2d 64, 72.

■■ In Jennings, we recognized that minimum federal due process standards must be met to confer personal jurisdiction over a foreign corporation. We held that if minimum due process standards are met, state law is controlling upon what constitutes doing business within a state for the purpose of conferring personal jurisdiction.

■ It is now well established that any process issued from a federal district court in an action where jurisdiction is founded only on diversity of citizenship shall have binding effect upon a party only to the extent that the law of the state in which the district court is held prescribes in a like action brought in its courts of general jurisdiction. Arrowsmith v. United Press International, 2 Cir., 320 F.2d 219; Jennings v. McCall, supra; Tentative Draft No. 2, Restatement, Study of the Division of Jurisdiction Between State and Federal Courts, § 1303.

■ It is clear that a state is free to choose for itself the standards to be applied in determining the circumstances under which a foreign corporation would be amenable to suit in its courts provided, of course, that minimum due process standards are met. States are not required to open their courts to suits that meet minimal federal due process requirements. Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 440–446, 72 S.Ct. 413, 96 L.Ed. 485; Ark-La Feed & Fertilizer Co. v. Marco Chem. Co., 8 Cir., 292 F.2d 197, 200; Jennings v. McCall, supra.

■■ Plaintiffs, in support of their contention that jurisdiction here exists, place considerable reliance upon Morrow v. Caloric Appliance Corp., 372 S.W.2d 41, decided by the Missouri Supreme Court en banc subsequent to our decision in Jennings. We fully recognize that we are bound to apply Missouri law as determined by its highest court. While it is true the court in Morrow found jurisdiction over the foreign corporation existed, we find nothing in the opinion which persuasively indicates an intention by the Missouri court to extend jurisdiction over foreign corporations to the maximum extent permitted by federal due process. The court rests its decision upon its finding that the liability

unquestionably arises out of an act done by corporate agents in Missouri. As pointed out in Jennings, and cases there discussed, the circumstance that the injury arose out of corporate activity within the state is an important factor in determining jurisdiction. The Morrow court considers and distinguishes Collar, stating:

> "We are not here concerned with a single or isolated act or transaction but, under the facts, with a continuous course of business. It is our conclusion and we hold, as held in the International Shoe [Int. Shoe Co. v. State of Wash., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95,] and Trimont cases, supra, that appellant was amenable to personal service of process in the instant action." 372 S.W. 2d 41, 47.

The opinion contains no discussion of the minimum contacts concept upon which jurisdiction is established in McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. The business contacts of the foreign corporation in Morrow are much more substantial than the business contacts of the defendant in Missouri in our present case.

The question of whether an unregistered foreign corporation is doing business within a state is usually one of fact. Jennings v. McCall, supra; Long v. Victor Prods. Corp., 8 Cir., 297 F.2d 577, 581–582; Electrical Equip. Co. v. Daniel Hamm Drayage Co., 8 Cir., 217 F.2d 656, 660. Findings of fact will not be set aside unless they are without substantial evidentiary support or unless they are induced by an erroneous view of the applicable law. Plaintiffs have not demonstrated that the trial court's decision was induced by any erroneous view of the law.

Our examination of the Missouri cases, many of which were discussed and fully considered in Jennings, satisfies us that it is at least a permissible conclusion that Missouri still applies the doing-business test rather than the more liberal minimal contacts test in determining whether a corporation is amenable to process in its courts.

Professor Edmond R. Anderson Jr. in "Personal Jurisdiction over Outsiders", 28 Mo.L.Rev. 336, 383, after pointing to the trend in the more recent federal cases on the due process issue to abandon the rigid basis of presence and doing business for the minimum contacts test, states:

> "This trend has not spread to Missouri. The Missouri Supreme Court repeatedly has demonstrated a reluctance and cautious approach in the exercise of jurisdiction over outsiders. In its decisions, the Missouri court has treated International Shoe as little more than a variation on earlier law requiring that personal jurisdiction be grounded upon a foreign corporation's substantial 'presence' or 'doing business' in the forum state. Its opinions have applied International Shoe as though the Supreme Court in that case had established a due process requirement that the outsider be present to the extent of 'doing business' in the state. This interpretation and application of International Shoe has caused considerable confusion in the Missouri cases, particularly those in the federal courts for Missouri. The *minimum contacts* test at best has been given a ritualistic application, conforming it to the older 'doing business' standard."

We have not attempted to set out all the evidence but have carefully examined the record. We are satisfied that the trial court's determination that the defendant's activities in Missouri do not constitute doing business so as to bring it within the jurisdiction of Missouri courts is supported by substantial evidence. Defendant's activities within the state are no greater than those involved in Jennings, Hayman and Long v. Victor Products. In each of said cases, the court held that the activity of the defendant within the state was insufficient to confer personal jurisdiction over the for-

eign corporation. The court's findings are supported by substantial evidence and upon the basis of such findings, the court reached a permissible conclusion upon the basis of Missouri law that the complaint should be dismissed for want of jurisdiction.

The judgment is affirmed.