FIRST AMERICAN BANK, N. A., Plaintiff,

v.

UNITED EQUITY CORPORATION and E. Granville-Smith, Defendants.

Civ. A. No. 80–574.

United States District Court, District of Columbia.

Jan. 21, 1981.

Alan Mark, Washington, D. C., for plaintiff.

John H. Harman, Silver Spring, Md., Herbert Stettin, Miami, Fla., for defendants.

## MEMORANDUM

SIRICA, District Judge.

This action on a promissory note and guaranty is before the Court on a motion by the plaintiff for default judgment, or in the alternative for summary judgment, and motions by the individual and corporate defendants to dismiss the complaint for insufficient service of process and lack of personal jurisdiction. The complaint alleges that the corporate defendant, United Equity Corporation (United), defaulted on a note which was executed, delivered, and partly performed in the District of Columbia and was guaranteed by the individual defendant, E. Granville-Smith (Smith). United is a Delaware corporation with its principal place of business in the State of Florida. Smith, a non-resident of the District of Columbia, is the president of United.

### I. Motions to Dismiss

The plaintiff asserts personal jurisdiction over the individual defendant, Smith, pursuant to the local "long arm" statute, D.C. Code § 13–423 (1973). The defendant does not dispute his amenability to service pursuant to the statute, but does challenge the sufficiency of the process insofar as it relates to the manner in which service was attempted.

Rule 4(e) of the Federal Rules of Civil Procedure permits service upon a party not an inhabitant or found within a state in a manner prescribed by a statute or rule of court in the state in which the district court is held, provided the statute or rule contemplates such extraterritorial service. In that regard, D.C.Code § 13–424 (1973) states that "[w]hen the exercise of personal jurisdiction is authorized by this subchapter, service may be made outside the District of Columbia."

The plaintiff attempted service of process on Smith by certified mail, return receipt requested, addressed to his last known address in Florida. This manner of service outside the District is authorized by D.C. Code § 13–431 (1973) which provides in pertinent part:

(a) When the law of the District of Columbia authorizes service outside the District of Columbia, the service when reasonably calculated to give actual notice, may be made—

(3) by any form of mail addressed to the person to be served and requiring a signed receipt.

(b) . . . When service is by mail, proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court.

The process addressed to Smith was forwarded by postal authorities to the offices of United, the corporate defendant. It was accepted and signed for by a bookkeeping clerk, purportedly as an authorized agent for Smith.

■■■ The Court finds, however, that the clerk was not such an authorized agent. While it is true that the clerk represented herself as such on the receipt, her acceptance of service and her own statements of authority are, in and of themselves, insufficient to establish the required agency relationship. *See Schwarz v. Thomas,* 222 F.2d 305, 308 (D.C.Cir.1955). The affidavits filed on behalf of the defendant and the record herein convince the Court that this clerk had no authority, express or implied, to act as Smith's agent. Since neither Smith nor his authorized agent signed the receipt, the Court is not satisfied with the receipt as evidence of personal delivery. Accordingly, it finds the service of process by mail was insufficient.

■■■ Despite the insufficiency of this service of process by mail, the Court will not dismiss the complaint as to the individual defendant. Subsequent to the hearing conducted by the Court of the various motions before it, the plaintiff indicated that it had achieved personal service of process upon the defendant Smith.[1] Therefore, in the interests of judicial economy, the Court will merely quash the original service of process, and in light of the subsequent personal service of process, the defendant Smith will now be required to timely file responsive pleadings pursuant to Rule 12 of the Feder-

al Rules of Civil Procedure. *See* 5 Wright and Miller, *Federal Practice and Procedure* § 1354, at 586 (1969).

With regard to United, the corporate defendant, the plaintiff initially attempted service of process by transmitting copies of the summons and complaint to the District of Columbia Superintendent of Corporations, who forwarded them by certified mail to the defendant's corporate offices in Florida.

Rules 4(d)(7) and 4(e) of the Federal Rules of Civil Procedure authorize service upon a corporation in a manner prescribed by a statute of the state in which the district court is held. In this regard, D.C.Code § 13–334(b) (1973) provides:

When a foreign corporation transacts business in the District without having a place of business or resident agent therein, service upon any officer or agent or employee of the corporation in the District is effectual as to actions growing out of contracts entered into or to be performed in whole or part, in the District of Columbia . . . .

In the present instance, no officer or employee of United was served within the District of Columbia. Instead, plaintiff made its service upon the Superintendent of Corporations as agent for the defendant corporation, relying upon D.C.Code § 29–933i(c) (1973) which provides in part:

If any foreign corporation shall transact business in the District without a certificate of authority, it shall, by transacting such business, be deemed to have appointed the Commissioner its agent and representative upon whom any process, notice, or demand may be served.

United challenges the personal jurisdiction of the Court by asserting that service of process was insufficient insofar as United did not transact business in the District of Columbia, and so cannot, pursuant to the statute, be deemed to have appointed the

---

1. On June 23, 1980, the plaintiff filed an affidavit of a special process server which asserted personal service of process upon Smith in his individual capacity. It was accompanied by a second affidavit of the same server indicating that process was simultaneously served upon Smith in his capacity as president of United, the defendant corporation. Neither defendant has contested the respective affidavits.

Superintendent of Corporations as its agent to receive service of process.

While this objection is nominally premised on a deficiency in the manner of service, United does not assert that the procedures provided by the statute were insufficient to reasonably assure actual notice, *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945), nor does it assert that the Superintendent of Corporations failed to comply with those procedures. Instead, it challenges the right of the plaintiff to avail itself of the procedures provided in D.C. Code § 29–933i(c) on the grounds that the statute's prerequisite that a corporation "transact business in the District" has not been met.

■ The defendant's challenge to the availability of this statute as a vehicle for the Court's assertion of personal jurisdiction over it is more properly approached as a question of amenability to service rather than one of sufficiency of process. *See* 5 Wright and Miller, *Federal Practice and Procedure* § 1353, at 579–80 (1969). The substance of the defendant's argument is that it did not transact business. If United did not transact business in the District, it is not amenable to service of process under the statute and the Court cannot assert personal jurisdiction. *See Stevens v. American Mutual Insurance Co.*, 234 A.2d 305 (D.C.App.1967). Of course, if United is not amenable to service under the statute, it necessarily follows that any attempt at service pursuant thereto would be insufficient.

■ A corporation is said to transact business in the District of Columbia for jurisdictional purposes whenever it projects its corporate presence into the District in furtherance of its own essential business purposes. *Stevens v. American Mutual Insurance Co., supra* at 308. In this regard, it is the quality and not necessarily the quantity of the corporation's business activity that is important. *Id.* Furthermore, amenability to service is more liberally construed when the action arises out of a contract made in the District than when the contract is made elsewhere. *Central Insurance Agency Co. v. Financial Credit Corp.*, 222 F.Supp. 627, 629 (D.D.C.1963).

■ In the present instance, United contracted for a $140,000 loan on a promissory note dated September 27, 1978, which was executed, delivered and partly performed in the District of Columbia. An alleged default on payments on the note after July of 1979 serves as the basis for this action.

Such a substantial business undertaking constitutes an instance in which this defendant corporation has projected its presence into the District in furtherance of its own essential business purposes. When a corporation knowingly executes, delivers and performs such a substantial contract in the District of Columbia, and that contract becomes the subject of a cause of action, the corporation can be said to transact business in the District within the meaning of the statute, and as such, is amenable to service of process. *Central Insurance Agency Co. v. Financial Credit Corp., supra* at 628–29. Nevertheless, it should be noted that the contract in controversy is not the only business transaction undertaken by the defendant corporation in the District and is far from the most substantial.

In addition to the contract in question, United has contracted for a loan in excess of $600,000 with another banking institution in the District of Columbia. This action further supports the conclusion that United has projected its presence into the District for its essential business purposes and has transacted business within the meaning of the statute.[2]

■ This transaction of business on the part of the corporation also establishes sufficient contacts with the District to satisfy the due process requirement that it be reasonable and just according to traditional concepts of fair play and substantial justice

---

2. United was issued a certificate of authority to transact business in the District of Columbia on October 13, 1972, but that certificate was revoked on September 8, 1975, for failure to file annual reports and pay required fees.

for this Court to enforce the obligation which the defendant has incurred in this jurisdiction. *International Shoe Co. v. Washington, supra* 326 U.S. at 320, 66 S.Ct. at 160.

The defendant corporation having been found to transact business within the meaning of D.C.Code § 29–933i(c), the Court finds that it was amenable to service and that the making of such service upon the statutorily designated agent was proper.

■ Alternatively, the finding that United transacted business pursuant to D.C. Code 29–933i(c) is also sufficient in this instance to support a finding that it was "transacting any business" pursuant to D.C. Code § 13–423(a)(1), the local "long arm" statute.[3] Therefore, United is also amenable to service under that statute. *See, e. g., Unidex Systems Corp. v. Butz Engineering Corp.,* 406 F.Supp. 899 (D.D.C.1976); *Berwyn Fuel, Inc. v. Hogan,* 399 A.2d 79 (D.C.App.1979). Amenability to the authority of the Court under the "long arm" statute permits service to be made outside the District pursuant to D.C.Code § 13–424. That extraterritorial service may be accomplished "by personal delivery in the manner prescribed for service within the District of Columbia." D.C.Code § 13–431(a)(1). One such prescribed manner for service upon a corporation within the District is by personal service upon one of its officers. Fed.R. Civ.P. 4(d)(3); Super.Ct.R.Civ.P. 4(d)(3). It follows then, that personal delivery of the summons and complaint to the president of United[4] would constitute a second basis for finding sufficient service of process on the corporation.

Accordingly, the Court finds that it has personal jurisdiction over the defendant and that service of process upon it was sufficient.[5] The motion of the defendant

United to dismiss the complaint will therefore be denied, and it will be required to file responsive pleadings in a timely manner as set forth in the order accompanying this memorandum.

## II. Motions for Default Judgment

■ The plaintiff has moved for the entry of a default judgment against Smith, the individual defendant, on the grounds that he has been properly served and has failed to timely plead or otherwise defend pursuant to Rule 12 of the Federal Rules of Civil Procedure. However, the initial service of process upon which the plaintiff relies in making his motion was insufficient. In view of this fact and considering the entire record herein, the Court does not believe that entry of a default judgment against the defendant Smith would be an appropriate exercise of its discretion.

■ The plaintiff has also moved for the entry of a default judgment against United on similar grounds. Service on United was made upon the Superintendent of Corporations as its statutorily designated agent on March 19, 1980. United subsequently filed a motion to dismiss the complaint on jurisdictional grounds. A timely motion to dismiss tolls the running of the time for filing a responsive pleading pursuant to Rule 12(a)(1). However, this motion, which has been denied, was filed on May 5, 1980, and was not timely.

Nevertheless, the Court does not believe that this would be an appropriate situation in which to exercise its discretion and enter a default judgment for the plaintiff. In this regard, the plaintiff has not alleged that it was substantially prejudiced by the delay in the filing of the defendant's motion to dismiss the complaint and the Court is

---

**3.** D.C.Code § 13–423(a)(1) provides that

A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

(1) transacting any business in the District of Columbia.

The Court does not, however, take a position as to whether the standard for the two statutes

would be the same under a different set of circumstances.

**4.** *See,* note 1, *supra.*

**5.** Having found sufficient service of process and personal jurisdiction on these grounds, the Court does not reach the question of the plaintiff's other attempts at service upon the corporation by mail.

mindful of the judicial preference for a decision on the merits. For these reasons, it is reluctant to permit a final disposition by default in an action involving such a substantial amount of money, absent a far more egregious delay. *Accord Bridoux v. Eastern Air Lines, Inc.*, 214 F.2d 207 (D.C. Cir.1954), *cert. denied*, 348 U.S. 821, 75 S.Ct. 33, 99 L.Ed. 647 (1954). This is particularly so in view of the fact that the initial service was made upon a statutorily designated agent.

### III. Motions for Summary Judgment

The plaintiff has moved for summary judgment against both defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Both defendants have opposed the plaintiff's motion for summary judgment on procedural grounds. They argue that because of their pending motions to dismiss the complaint they have not filed answers, and so it would be improper to consider the plaintiff's motion at this time.

This position ignores the language of Rule 56 which permits a motion to be made "at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment." In view of the language of the rule, an answer to the complaint is not a prerequisite to the consideration of a motion for summary judgment.

Nevertheless, a court exercises its discretion in determining whether there may exist material issues of fact, and therefore, it may postpone its decision on a motion for summary judgment to consider further pleadings. *See Stuart Inv. Co. v. Westinghouse Electric Corp.*, 11 F.R.D. 277 (D.Neb.1951). In view of the fact that defendants have yet to file answers to the complaint or oppositions of a substantive nature to the motion for summary judgment, a decision at this time could overlook material issues of fact which might have been raised. A decision which did not consider material issues of fact would be similar in effect to a default judgment, and the Court has already indicated its preference for a resolution of this matter on the merits.

Accordingly, the Court will defer its decision on the plaintiff's motion for summary judgment and require the defendants to file supplemental oppositions of a substantive nature, accompanied by appropriate affidavits. In view of the fact that the defendants have had ample time to consider the plaintiff's motion for summary judgment, these supplemental oppositions shall be filed contemporaneously with the defendants' responsive pleadings.