CLEMENTS DISTRIBUTING
COMPANY OF VIRGINIA,
INC., Plaintiff,

v.

CELEBRITY PRODUCTS,
INC., Defendant.

Civ. A. No. 87–3096 (RCL).

United States District Court,
District of Columbia.

March 29, 1988.

Judgment and Injunction May 27, 1988.

A. Francis Vitt, Jr., Washington, D.C., for plaintiff.

Irwin H. Liptz, Kivitz & Liptz, Washington, D.C., for defendant.

MEMORANDUM OPINION
AND ORDER

LAMBERTH, District Judge.

This case arises out of a contract to bake and deliver chocolate chip cookies. Defendant has moved to dismiss for lack of personal jurisdiction. For the following reasons, the motion will be DENIED.

The basis of this action is the alleged breach of a contract that was executed in the District of Columbia. One of the terms of the contract provided that defendant would enter into a "lock box" arrangement with McLachlen National Bank of Washington, D.C., with respect to receipt and recovery of amounts paid by third parties for the product. In addition, plaintiff's president has filed an affidavit stating that he met with representatives of defendant in D.C. numerous times to negotiate the contract and to arrange orders and payments. Finally, pursuant to the contract, defendant has delivered cookies into the District for sale here.

The District of Columbia "long arm" statute provides in part:

A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's

—(1) transacting any business in the District of Columbia.

D.C.Code § 13–423(a)(1981 ed.).

In order for this section to be the basis for personal jurisdiction, the claim must arise out of the business transacted in the District of Columbia. D.C.Code § 13–423(b); *see Naartex Consulting Corp. v. Watt*, 542 F.Supp. 1196, 1199 (D.D.C.1982), aff'd, 722 F.2d 779 (D.C.Cir. 1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2399, 81 L.Ed.2d 355 (1984). If this requirement is satisfied, however, "the 'transacting business' sections have generally been given broad interpretation, normally limited only by due process considerations." *Margoles v. Johns*, 483 F.2d 1212, 1218 (D.C.Cir.1973) (dictum). All that is needed under § 13–423(a)(1) is "some affirmative act by which the defendant brings itself within the jurisdiction and es-

tablishes minimum contacts." *LaBrier v. A.H. Robins Co.*, 551 F.Supp. 53, 55 (D.D.C.1982) (quoting *Cohane v. Arpeja—California, Inc.*, 385 A.2d 153, 158 (D.C.App.), *cert. denied*, 439 U.S. 980, 99 S.Ct. 567, 58 L.Ed.2d 651 (1978)).

Where, as here, a contract was signed in the District of Columbia, attendant meetings were held in D.C. to negotiate and facilitate that contract, and one of the terms provided for deposits into a "lock box" provided by a D.C. bank, there can be no serious doubt that both the statute and due process considerations are satisfied by the exercise of *in personam* jurisdiction over the parties. Indeed, this court has based personal jurisdiction on far fewer contacts with the forum. *See Unidex Systems Corp. v. Butz Engineering Corp.*, 406 F.Supp. 899 (D.D.C.1976) (contacts and discussions in D.C., where related to contract at issue, enough to satisfy "transacting business" requirement); *Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 376 F.Supp. 1214, 1216 (D.D.C. 1974) (phone conversation which ratified contract made between two parties physically in D.C. sufficient to invoke jurisdiction under § 13–423(a)(1)).

This case is indistinguishable from *Central Insurance Agency Co. v. Financial Credit Corp.*, 222 F.Supp. 627, 629 (D.D.C. 1963), where the contract was executed in D.C. and plaintiff was to make payments to an escrow agent here. Judge Holtzoff ruled there that the contract's signing and the continuous acts of performance in the District established long arm jurisdiction and added this admonition: "So far as public policy is concerned, when a corporation or person comes into the District, makes a contract here and then seeks to escape being sued here for breach of the contract, the courts should not be astute to approve ways and means to avoid service in this District." *Id.* at 629.

The motion is DENIED.

## JUDGMENT AND INJUNCTION

Upon the agreement, consent and request of Plaintiff and Defendant as evidenced by endorsement of their counsel hereto, that the facts stated in Plaintiff's Complaint are accurate and that Judgment be entered in favor of Plaintiff against Defendant in the pecuniary amount requested in the Complaint and that Defendant be enjoined from producing (or having produced for it) the chocolate chip cookie Product using the name and character of Muhammad Ali as set forth in the Agreement between Plaintiff and Defendant dated January 7, 1986 until Plaintiff has been paid in full, and

It being the opinion of the Court that, based on the admitted facts, the relief requested is warranted and reasonable, it is therefore by the Court this 27th day of May, 1988,

ORDERED that Judgment be and hereby is granted in favor of Plaintiff Clements Distributing Company of Virginia, Inc. against Defendant Celebrity Products, Inc. in the sum of TWENTY FIVE THOUSAND ONE HUNDRED FOUR and 91/100 DOLLARS ($25,104.91) plus the costs of this proceeding, attorney's fees in the sum of Two Thousand Five Hundred ($2,500.00) Dollars, all with interest thereon from the date of this Judgment, and it is further

ORDERED that Defendant is enjoined from producing or having produced for it the chocolate chip cookie Product using the name and character of Muhammad Ali as set forth in the Agreement between Plaintiff and Defendant dated January 7, 1986, until the Judgment granted herein in favor of Plaintiff has been paid in full.