**MIDWEST PACKAGING CORPORATION, formerly Midwest Bag Co., d/b/a Midwest Bag Co., Plaintiff,**

v.

**OERLIKON PLASTICS, LTD., Defendant.**

**Civ. No. 7–1995–C–1.**

United States District Court
S. D. Iowa,
Central Division.

Jan. 29, 1968.

Donald A. Wine, Des Moines, Iowa, for plaintiff.

John J. McLaughlin and Kent Emery, Des Moines, Iowa, for defendant.

## MEMORANDUM

STEPHENSON, Chief Judge.

This matter is now before the Court on the motion of defendant to quash service of process and dismiss the complaint for lack of jurisdiction of this court over the defendant, Oerlikon Plastics Ltd., a Swiss Corporation.

Suit was originally commenced by plaintiff on April 20, 1967, and service of process was made pursuant to § 617.3 Iowa Code (1966) as allowed in the federal courts by Rule 4(c), Federal Rules of Civil Procedure. No answer was filed on behalf of defendant, but on June 23, 1967, a letter was received from an officer of the defendant corporation rejecting any attempt to exert jurisdiction over the defendant. On June 28, 1967, plaintiff filed a motion for default judgment and the Court thereafter entered an order giving defendant thirty days to enter an appearance and make such response as it might have in resistance to the motion then pending. August 11, 1967, counsel for the defendant entered an appearance and filed a resistance to the motion for default judgment. The motion for default judgment was denied in order that defendant have an opportunity to defend and the issues relating to jurisdiction were set down for hearing. Hearings were held on the matter of jurisdiction on September 22, October 2 and October 3, 1967, with counsel for the defendant, John McLaughlin and Kent Emery, and counsel for the plaintiff, Donald A. Wine, in attendance. Evidence was taken in the form of testimony, affidavits, and exhibits.

The complaint alleges a cause of action for breach of contract. The jurisdiction of this Court over the subject matter of the suit is based on diversity of citizenship and is not contested by defendant. Jurisdiction over the defendant, a foreign corporation, was sought by plaintiff through the utilization of the provision of § 617.3 Iowa Code (1966) which provides, in part, as follows:

"If a foreign corporation makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, * * * such acts shall be deemed to be doing business in Iowa by such foreign corporation for the purpose of service of process or original notice on such foreign corporation under this Act, and, if the corporation does not have a registered agent or agents in the state of Iowa, shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be its true and lawful attorney upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract. * *."

Defendant attacks this assertion of jurisdiction over it on the grounds that this case does not come within the purview of § 617.3, and, if § 617.3 is applicable, it cannot be constitutionally applied in this case. No contention is made that plaintiff failed to comply with the procedural requirements of § 617.3 for service of notice.

The jurisdiction of the Court having been directly attacked, the burden is on the plaintiff to sustain the jurisdiction over the defendant. The plaintiff, however, need only make a prima

facie showing of jurisdiction and then the burden is on the defendant to rebut the prima facie case established by the plaintiff. Tice v. Wilmington Chemical Corp., 143 N.W.2d 86 (Iowa 1966).

The kinds of contractual activities giving rise to causes of action over which jurisdiction is asserted over non-resident defendants vary from state to state. Although a state need not provide its courts with jurisdiction over every action which constitutionally could be brought in the state (Perkins v. Benquet Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), statutes which define the requisite activity for jurisdiction as a contract with a resident "to be performed in whole or in part by either party" within the state, as does § 617.3, are among the most liberal. Further, the applicability of § 617.3 to a particular case is a question of state law, while the question of whether such application meets minimum due process requirements is determined by federal law. Jennings v. McCall Corp., 320 F.2d 64 (8th Cir.1964); Simkins v. Council Mfg. Corp., 332 F.2d 733 (8th Cir.1964); see also Annot., Diversity Action—Service of Process, 6 A.L.R.3d 1103 (1966).

Defendant first contends the contract provision of § 617.3 cannot be applied to the present case because a valid contract was never formed. While the Supreme Court of Iowa as yet has not passed upon the application of the "long arm" provisions of § 617.3 in a case such as the one here under consideration, decisions by that court in the tort area and decisions of other jurisdictions under similar statutes provide ample guidelines. It is the reasoning of defendant that, since the statute specifies as its basis a contract made with a resident, this court must find that a contract, in fact, existed in order for the statute to be utilized in this case. The Court disagrees. The validity of the substantive claim of plaintiff is legally irrelevant to the question of this court's jurisdiction and may not be considered until the jurisdictional question is resolved. The validity or construction of the contract, if any, is not in issue here.

As noted before, it is sufficient to sustain the jurisdiction of this court if plaintiff makes a prima facie showing of the existence of a contract "to be performed in whole or in part" in Iowa. For this purpose the allegations of plaintiff's complaint are accepted as true. Tice v. Wilmington Chemical Corp., 141 N.W.2d 616 (Iowa 1966). Basically, the complaint is for breach of an exclusive sales franchise or an agreement to enter into an exclusive sales franchise which plaintiff contends arose out of discussions and correspondence of the parties. He also alleges that the plaintiff has relied on the representations of defendant as the existence of such an agreement to his detriment and defendant thereby is estopped from now denying the existence and validity of such agreement. In addition, at the hearings on this matter the president of plaintiff corporation testified and a voluminous file of correspondence was presented to the Court, all of which tended to show the existence of some type of agreement between the parties. Defendant offered very little in response to this. Further, it cannot be denied that the contract as alleged by plaintiff was to be performed "in whole or in part" in Iowa. Plaintiff is an Iowa corporation with its principal place of business in Iowa. Therefore, by necessity, many of the acts required for performance of the alleged exclusive sales contract would take place in Iowa. Thus, the defendant has failed to rebut the prima facie showing by plaintiff of the existence of such a contract, thereby making the provisions of § 617.3 applicable to the case at bar.

While the activities enumerated in § 617.3 are sufficient to give jurisdiction to the Court, there remains the issue of whether such an assumption of jurisdiction would violate the constitutional guarantee of due process. Constitutional requirements for *in personam* jurisdiction of non-resident defendants have evolved principally from the decisions of the United States Supreme Court

in International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958). In order to obtain in personam jurisdiction over a non-resident defendant there must be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and that it have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Consideration must also be given to the quality, nature and extent of the activity in the forum state, and the relative convenience and basic equities of the parties. These factors and their relative importance were succinctly stated in Aftanase v. Economy Baler Co., 343 F.2d 187, 197 (8th Cir.1965) as follows:

> "We observe, * * * that, at one time or another in the opinions, three primary factors, namely, the quantity of the contacts, the nature and quality of the contacts, and the source and connection of the cause of action with those contacts, are stressed, and that two others, interest of the forum state and convenience, receive mention."

These principles must now be applied to the activities of defendant in this case.

The plaintiff corporation through its president, Harry Pomerantz, first came into contact with representatives of defendant corporation while he was in Europe. Upon the return of Mr. Pomerantz to the United States, he began to correspond extensively with the offices of defendant corporation in regard to the consummation of a distributorship agreement. While it is clear that Mr. Pomerantz was the initiator and aggressor in these discussions, it is likewise clear that defendant was receptive to the overtures of Mr. Pomerantz and made some rather definite statements in that regard (See Exhibit 1, letters from representatives of defendant dated October 26, November 11, November 25, December 15, 1965, and January 20, 1966). Further, on at least one occasion an officer or director of defendant corporation visited the facilities of plaintiff in Iowa and discussed the alleged agreement with him. Plaintiff purchased two of the machines manufactured by defendant at an approximate cost to the plaintiff of $30,000 each, which plaintiff contends was done in performance of his obligations under the alleged distributorship agreement. The first machine was installed in plaintiff's plant in Iowa at a substantial investment by plaintiff in order that it might be demonstrated for potential customers. Certain promotional activities were also undertaken by plaintiff in reliance on the fact that it had, or would get, the exclusive rights to sell defendant's machines in the United States, or a portion thereof.

■■ While the physical contacts of defendant with this jurisdiction were few in number, it is the view of the court that they are sufficient to satisfy due process in the light of and as part of the contract alleged by plaintiff. Plaintiff has made a prima facie showing that such a contract existed. Assuming for jurisdictional purposes, therefore, that there was distributorship agreement between the parties, it contemplated a continuing relationship between the parties with performance on the part of plaintiff within this jurisdiction. Central Insurance Agency Co. v. Financial Credit Corp., 222 F.Supp. 627 (D.C.1963). This was sufficient contact with Iowa to allow this Court to exercise personal jurisdiction for causes of action arising out of the contract. "It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with" the state seeking to assert jurisdiction. McGee v. International Life Ins. Co., 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957). It is the view of the Court that the contract as alleged by plaintiff had "substantial connection" with the state of Iowa and contemplated a substantial

amount of activity in the future within the state. Taking into consideration the record as a whole, it is clear the plaintiff has satisfied the minimum contacts test required by due process. Therefore, defendant's motion will be denied.

It is ordered that the motion of defendant Oerlikon Plastics, Ltd. to quash service and dismiss should be and is hereby denied.