BRINK'S, Inc. v. HOYT.

HOYT v. BRINK'S, Inc. et al.

Nos. 13972, 13973.

United States Court of Appeals
Eighth Circuit.

Jan. 17, 1950.

356

Henry L. Jost, Jr., Kansas City, Mo., for Brink's Inc.

Guy W. Runnion and Wm. Dennis Bush, Kansas City, Mo. (C. W. Prince, Kansas City, Mo. on the brief) for George C. Hoyt.

Before GARDNER, Chief Judge, and THOMAS and JOHNSEN, Circuit Judges.

GARDNER, Chief Judge.

This was an action brought by George C. Hoyt as plaintiff against Brink's Inc., a corporation, and Theo. E. Frazee as defendants, to recover damages alleged to have been suffered by the plaintiff by reason of the malicious failure of defendants to issue to plaintiff a service letter stating the period of his employment, the character of services rendered and the cause of his discharge, as provided by Section 5064, Revised Statutes of Missouri, 1939, Mo.R.S.A. The parties will be referred to as they were designated in the trial court. The action was brought in the Circuit Court of Jackson County, Missouri, but on motion of defendant Brink's Inc., alleging that a separable controversy existed between plaintiff and itself, the cause was removed to the Federal Court. The plaintiff entered a special appearance in the Federal Court for the sole purpose of moving to remand

the action to the State Court, alleging in his motion that the defendant Theo. E. Frazee was a resident of Jackson County, Missouri, as was also the plaintiff, and hence there was no diversity of citizenship; that the defendant Frazee was jointly liable with the defendant Brink's Inc., because he aided and abetted and assisted Brink's Inc., in the perpetration of a wilful, deliberate and malicious damage and injury to the plaintiff. The motion to remand was denied on the ground that the complaint stated no cause of action against the defendant Frazee and hence a separable controversy existed between the plaintiff and the removing defendant as to whom a diversity of citizenship existed.

The action was tried to the court without a jury and at a pre-trial conference many of the facts were agreed upon between the parties but as they were afterwards embodied in the findings no further reference need be made to them here.

There was oral testimony introduced by the parties at the conclusion of which request for findings in favor of defendants was made and denied. The court found substantially as follows: (1) That the plaintiff was employed by the defendant Brink's, Inc., on the 2nd day of August, 1946, and continued in such employment until the 1st day of February, 1948, at which time he was discharged by the defendant; (2) that on the 17th day of February, 1948, plaintiff mailed to Mr. Ted Frazee, the manager of the Kansas City office of the defendant, Brink's Inc., the Exhibits A, A-1 and A-2, in which plaintiff requested of defendant a letter showing the time he worked for the defendant, the kind of work that he did and the reason for his discharge; (3) that after the receipt of that letter by the defendant, no service letter, as provided by Section 5064, Revised Statutes of Missouri, 1939, Mo.R.S. A. was given to plaintiff; (4) that subsequent to the termination of the plaintiff's employment with the defendant, Brink's Inc., request was made of defendant, Brink's Inc., by persons to whom plaintiff made application for employment as to the reason of the termination of plaintiff's services by Brink's Inc.; (5) that after inquiry was made by such prospective employers of the manager of Brink's Inc., in Kansas City, Missouri, plaintiff did not secure employment with such other prospective employers; (6) that in terminating plaintiff's employment with the defendant, Brink's, Inc., the manager of the Kansas City office took into consideration a certain transaction in which said manager concluded that the plaintiff had improperly conducted himself and had been arrested and admitted to bail; and that there was no probable grounds for the manager of Brink's, Inc., so concluding; (7) that after the request for service letter was made by plaintiff of the manager of the Kansas City branch of Brink's, Inc., such manager did not forward said letter to the home office of the defendant until after the filing of the suit in question; (8) that plaintiff has been actually damaged in the sum of $500 by reason of the failure of the manager of the Kansas City office of Brink's, Inc., to give to plaintiff a service letter as requested; that the conduct of said manager in failing and refusing to give said service letter was wilful, in that it was a violation of the statutes of the State of Missouri, and for such wilful conduct plaintiff is entitled to recover punitive damages of defendant, Brink's, Inc.; (10) that the amount of such punitive damages should be assessed at the sum of $1,000.

As declarations of law the court held that the written request made by plaintiff was a sufficient compliance with the provisions of Section 5064 of the Revised Statutes of Missouri, Mo.R.S.A. for a service letter; that by reason of the failure to furnish the plaintiff with the service letter plaintiff was entitled to recover $500 actual damages and $1000 punitive damages, making a total of $1500. Judgment was entered in favor of the plaintiff pursuant to these findings and both parties have appealed from the entire judgment.

It is the contention of the plaintiff (1) that the Federal Court had no jurisdiction because a joint cause of action was stated against Brink's, Inc., and Theo. E. Frazee, and hence there was no diversity of citizen-

ship as to defendant Frazee; (2) the damages awarded were grossly inadequate.

On its appeal defendant Brink's, Inc., contends (1) that the written demand of plaintiff "for a letter of recommendation * * * showing the time I worked for you, the kind of work I did, if satisfactory, and why I was fired," was not sufficient under the Missouri statute; (2) the court's finding as to actual damage was not supported by substantial evidence; (3) the court's finding that the manager of defendant Brink's, Inc., in his omission to give the letter requested by plaintiff, acted wilfully, thus entitling plaintiff to recover punitive damages, was unwarranted; (4) that Brink's, Inc., is not liable in punitive damages.

Section 5064 of the Revised Statutes of Missouri, 1939, Mo.R.S.A., upon which plaintiff's action is based, so far as here material reads as follows: "Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the service of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him (if such employee shall have been in the service of said corporation for a period of at least ninety days), to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service * * *."

The statute then provides that, "If any such superintendent or manager shall fail or refuse to issue such letter to such employee when so requested by such employee, such superintendent or manager shall be deemed guilty of a misdemeanor, * * *."

Unless otherwise provided by statute the employer is not legally bound to give a service letter to an employee when the latter is discharged or leaves the employment.

The above quoted statute was on the statute books at and for a long time prior to the time plaintiff entered the employ of the defendant Brink's, Inc. It therefore became a part of the contract of employment so that the action of plaintiff was in the nature of an action for damages for the breach of his employment contract. His employment contract was with Brink's, Inc., and not with its manager Frazee. The statute has to do with the relation of employer and employee and has been the subject of interpretation by the appellate courts of Missouri in a number of cases. The trial court was of the view that the statute could not be made the basis of an action to recover civil damages against the manager and for that reason held that the complaint did not state a cause of action against the defendant Frazee. If the court was correct in this ruling then it was correct in denying the motion to remand. It is vigorously contended by plaintiff that a joint cause of action was stated against both defendants and he asserts that the decisions of the Missouri appellate courts relied upon are not conclusive on the question. It is, of course, the duty of the Federal Court to follow the State decisions in construing this statute and even though the Missouri courts may not have squarely passed upon the exact issue presented by this case, "considered dictum of that court should not be ignored when a federal court is attempting to construe or ascertain the meaning of the local law, whether it be the state statute or the State Constitution." Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 77 L.Ed. 610; Mattson v. Central Electric & Gas Co., 8 Cir., 174 F.2d 215; Badger v. Hoidale, 8 Cir., 88 F.2d 208 at page 211; Yoder v. Nu-Enamel Corp., 8 Cir., 117 F.2d 488.

The Missouri cases chiefly relied upon are as follows: Cheek v. Prudential Ins. Co. of America, Mo.Sup., 192 S.W. 387; Burens v. Wolfe Wear-U-Well Corp., 236 Mo. App. 892, 158 S.W.2d 175; State ex rel. Terminal R. R. Ass'n v. Hughes, 350 Mo. 869, 169 S.W.2d 328. The statute was first considered by the Supreme Court of Missouri in Cheek v. Prudential Ins. Co., supra. In that case suit was brought against the employer to recover damages for its alleged refusal to give the plaintiff a service letter. It was contended that under the

statute the duty to issue and deliver the service letter was not imposed upon the employer but upon its superintendent individually. In disposing of this contention the court, among other things, said [192 S. W. 391]: "If the statute should be so construed as to make it the duty of the superintendent, as an individual, to issue the letter, then the very design of the Legislature would thereby be thwarted, because it was not the superintendent's individual conduct which gave rise to the custom out of which the evil arose, and which the statute was intended to remedy, but it was his conduct, acting in his representative capacity, which prevented an employe leaving one company from procuring employment with another without presenting a letter of clearance from his last employer, stating why he resigned his position, or for what cause he was discharged."

The court concluded that, "We, therefore, hold that the statute makes it the duty of the corporation acting through its superintendent or other proper officer to issue the letter, and not the duty of such officer acting in his individual capacity."

The question was later presented to the Missouri Court of Appeals in Burens v. Wolfe Wear-U-Well Corporation, supra. This action was originally brought against the corporation employer and its manager. On appeal the defendant company contended that it was error for the court to submit the case to the jury and permit a verdict against the corporation, the court having sustained a demurrer as to the defendant manager. There, as in the instant case, it was argued that the doctrine of respondeat superior should have been applied as in negligence cases. In the course of the opinion the court, among other things, said [158 S.W.2d 178]: "The true character of the case in hand has been misconceived and the statute misconstrued. The duty imposed by the service letter statute has been held to be the duty of the corporation, acting through its superintendent or other proper officer, to issue the letter, and not the duty of such officer acting in his individual capacity. * * * From this interpretation it would appear that the manager could not be required to respond in damages for refusing to issue a letter of the kind described in the statute."

In the case of State ex rel. Terminal R. R. Ass'n v. Hughes, supra, the Supreme Court of Missouri reaffirms the construction placed upon the statute in Cheek v. Prudential Insurance Co., supra, and in affirming the liability of the employer for the act of its manager in failing to comply with the provisions of this statute among other things said, " * * * The contention is based upon the penal portion of the statute. * * * The argument is the same in effect as part of the argument unsuccessfully interposed in Cheek v. Prudential Ins. Co., supra. The statute designates the 'superintendent or manager' as the person to issue the letter. It contains no explicit provision as to the person upon whom the request is to be made that civil liability attach to the corporation." [350 Mo. 869, 169 S.W.2d 330]

 In passing it should be noted that the trial judge considered all these Missouri decisions and was of the view that under the law of Missouri the complaint stated no cause of action to recover civil damages against the superintendent or manager. If the local law on this question were in doubt in the circumstances here disclosed, we should accept the opinion of the trial judge. Russell v. Turner, 8 Cir., 148 F.2d 562; Abbott v. Arkansas Utilities Co., 8 Cir., 165 F.2d 339. As has been observed the action was not bottomed on a charge of negligence but on a breach of a duty imposed by statute upon the employer to the employee. We conclude that the court committed no error in dismissing the action as to the individual defendant and having so done the motion to remand was properly denied.

 Plaintiff also seeks reversal upon the ground that the damages awarded him were grossly inadequate. The action was to recover unliquidated damages. Neither the statute relied upon nor the contract of employment of which it became a part embodied any definite standard by which damages might be measured. Appellate Federal Courts may not on appeal set aside verdicts or judgments because against the weight of the evidence. The only review

that can be had as to the findings of fact by a jury or a court in a jury-waived case is as to whether there is substantial competent evidence to support it. This presents a pure question of law and we can not go further. As said by us in Kroger Grocery & Baking Co. v. Yount, 8 Cir., 66 F.2d 700, 705, 92 A.L.R. 1166, where many cases are cited, "This is a question addressed to the discretion of the trial court, and this court is without authority to review the amount of the verdict in a tort action."

Defendant contends that plaintiff's request for a service letter was insufficient under Section 5064, Revised Statutes of Missouri, 1939, Mo.R.S.A. This contention is bottomed largely upon the fact that the letter "asks for something in addition to what an employer is required to furnish." The letter, prepared by the plaintiff himself who is a layman, reads as follows, omitting formal parts: "When you discharged me about the 6th of February, 1948, you informed me, when I asked for a letter of recommendation, that it was not the policy of the company to give such a letter. I thought perhaps at the time you were upset, but after thinking it over for a while, might have reconsidered, & give me such a letter, as I need it badly to obtain employment. I have inquired for a job & was informed by the personnel manager that he could not understand anyone being discharged without such a letter, and upon the flimsy evidence of recommendation that I could give him orally, he couldn't possibly see how he could give me employment. I would certainly be much indebted to you if you would give me such a letter showing the time I worked for you, the kind of work I did, if satisfactory and why I was fired."

■ Plaintiff may have chosen the wrong word as descriptive of the letter but he definitely states that he wishes the letter to show "the time I worked for you, the kind of work I did, if satisfactory, and why I was fired." The trial court found that this written request was a sufficient compliance with the statute. In addition to this written request there were numerous oral communications between the plaintiff and the manager relative to supplying plaintiff with a service letter. It may

be that the plaintiff's conception of the letter was not as accurate as it might have been and he may have been guilty of a misnomer in describing it, but there can be no doubt that defendant's manager knew what the plaintiff was entitled to and the mere fact that he may have asked for more than he was entitled to would not be sufficient to render ineffectual his request for what he was entitled to.

■ It is next contended that the court erred in finding that plaintiff has been actually damaged in the sum of $500, and in refusing to find that he suffered no actual damage. As has already been observed in this opinion, we can not concern ourselves with the question of the amount of damages. If, however, there was no evidence to sustain any damage this would raise the question as to whether there was substantial evidence to sustain the court's finding. The court's findings are presumptively correct and may be set aside only if clearly erroneous. Rule 52(a) Federal Rules of Civil Procedure, 28 U.S.C.A. At the time of his discharge plaintiff was earning $67.00 per week. There was evidence warranting the court in believing that plaintiff because of defendant's failure to furnish a service letter was unable to procure employment other than temporary jobs at which he earned from the time of his discharge to the time of trial, $918.78, and that a service letter would have enabled him to obtain regular employment and that his earnings would have been substantially greater than they actually were. The court specifically found that subsequent to the termination of plaintiff's employment request was made of defendant Brink's, Inc., by persons to whom plaintiff made application for employment as to the reason for termination of plaintiff's services by Brink's, Inc., and that after inquiry was made by such prospective employers of the manager of Brink's, Inc., plaintiff did not secure employment with such other prospective employers. In this connection it is plaintiff's claim that the evidence showed actual damage in the sum of $2902.00. There was abundant evidence to show that there was actual damage, and that being true we can not concern ourselves as to

the amount. While the damages recoverable in any action must be susceptible of ascertainment with a reasonable degree of certainty, yet where unliquidated damages are recoverable there is always some uncertainty and that can rarely be exactly determined but they are to be compensatory for the injury done. However, the relief in damages is only approximately perfect. Damages are not rendered uncertain as a matter of law, however, because they can not be calculated with absolute accuracy. It is also to be observed that one whose wrongful conduct has rendered difficult the ascertainment of the precise damages suffered by plaintiff is not entitled to complain that they can not be measured with exactness. The mere fact that the damages may not be calculated with absolute certainty or exactness is not a bar to their recovery.

It is next urged that the court erred in finding that the conduct of defendant's manager in omitting to give the letter was wilful and thereby entitled plaintiff to recover punitive damages. Here, again, we have the positive finding of the trial court based upon all the evidence, direct and circumstantial, that the failure or refusal to give the service letter was, so far as appears in this record, without reason, and hence, legal malice justifying a recovery of punitive damages may be inferred. The court having found that a proper demand had been made and that this demand had not been complied with, this was under the facts and circumstances disclosed, sufficient to warrant the conclusion that "the conduct of said manager in failing and refusing to give such service letter was wilful in that it was a violation of the statutes of the State of Missouri, and for such wilful conduct plaintiff is entitled to recover punitive damages." We are not here concerned with the question as to whether or not the discharge of the plaintiff was warranted. The issue here is as to the failure of the defendant to issue the service letter.

There was offered in evidence photograph identified as Exhibit 1. Counsel for defendant explained that the pur-

pose of offering the letter in evidence was to show that the discharge of the plaintiff was wholly without malice and that there was just cause for terminating the employment. The court sustained objection on the ground that the issue was not before the court. Defendant's contention that this is error is wholly without merit.

Being of the view that the court committed no prejudicial error in the trial of this case, the judgment appealed from is affirmed.