**Clyde L. HORSTMAN, Plaintiff Appellant,**

v.

**GENERAL ELECTRIC COMPANY,**
**Defendant Respondent.**

No. 25051.

Kansas City Court of Appeals.
Missouri.

Feb. 3, 1969.

Morris Dubiner, Kansas City, for plaintiff-appellant.

Milton C. Clarke, Swanson, Midgley, Jones, Eager & Gangwere, Kansas City, for defendant-respondent.

BROADDUS, Special Commissioner.

Appellant filed suit for actual and punitive damages, claiming that respondent failed to give him a proper service letter pursuant to the terms and provisions of Section 290.140 RSMo 1959, V.A.M.S. In particular appellant alleges that he was damaged by the failure of respondent to state the true cause for his discharge from employment. The undisputed facts show that appellant was employed by Hotpoint, a division of Respondent General Electric Company, from July 2, 1956 to September 7, 1966; that appellant was discharged from the employ of respondent on August 15,

1966, effective September 7, 1966, said discharge taking place at respondent's place of business in the State of Kansas; that appellant was hired in and worked in and worked in or out of and reported to respondent's place of business in the State of Kansas; and that appellant worked for respondent solely in the State of Kansas. It is also undisputed that appellant requested respondent to advise him of the character of his service to respondent, the period of such service and the cause for appellant's discharge and that such requests were directed to respondent's district manager at its place of business in the State of Kansas, where appellant formerly worked. Respondent's district manager, at its office in the State of Kansas, replied to appellant's request stating the character and length of service of appellant. At the time of making his request for a service letter and at the time of filing suit, appellant was a resident of Missouri. Respondent at all times pertinent to this case was a New York corporation qualified to do business in the State of Missouri.

Based upon the unobjected and undenied requests for admissions from appellant and admissions made by appellant in his deposition, the trial court sustained respondent's motion for summary judgment and entered judgment in respondent's favor. Thereafter, appellant filed a motion for new trial, which was overruled by the trial court. Appellant subsequently perfected his appeal to this court.

Appellant's brief raises only one issue, which appears to be that since he allegedly has stated a cause of action he is entitled to a trial before a jury. Appellant overlooks Civil Rule 74.04, V.A.M.R., which provides for summary judgment where there is no genuine issue as to any material fact. The summary judgment entered in respondent's favor by the trial court was predicated upon admissions of appellant in his deposition and the unobjected and undenied requests for admissions filed by respondent. Appellant does not contend that there is a genuine issue as to

any material fact or that all of the material facts were not before the trial court. Rather, he argues, on the undisputed facts in the record, that the so-called Missouri "service letter statute", Section 290.140 RSMo 1959, V.A.M.S., entitled him to a service letter. This statute reads as follows:

"*Whenever any employee of any corporation doing business in this state* shall be discharged or voluntarily quit the services of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; * * * *" (Emphasis supplied.)

Appellant's position, as stated in his brief, is as follows: "Certainly, if the Legislature intended to limit the application of this section to only persons performing work for said corporation in this state it would have so stated. The crux of the applicability of this statute so far as the employees of said corporation were concerned was did the defendant corporation do business in this state (Missouri) and there can be no contention here that it did not.

"Certainly, it was the intent of the Legislature to punish the corporation which was doing business in the State of Missouri for failure to furnish the requested information to the employee making the request, regardless of whether or not he worked within the physical confines of the State of Missouri."

■ Appellant admittedly was hired in and was discharged in the State of Kansas. It is also undisputed that appellant addressed his request for a service letter to respondent's district manager at its of-

fice in the State of Kansas and that the letter sent by respondent's district manager to appellant was prepared and sent from respondent's office in the State of Kansas. There were no contacts between appellant and the State of Missouri insofar as his employment by respondent, discharge or request for a service letter were concerned. It is incidental to the issue in this case that respondent was qualified to do business in Missouri and was engaged in business in Missouri. Respondent did and does business in all states of the Union and in many foreign countries. If appellant, performing no duties as an employee of respondent in Missouri, is entitled to a service letter under the Missouri service letter statute, then it would be logical that respondent's employees in all states of the Union and foreign countries where respondent happened to be doing business would also be entitled to a service letter under the Missouri service letter statute. In our opinion such a result was not intended by the Legislature. We think the language "whenever any employee of any corporation doing business in this state * * *" means an employee working in Missouri for a corporation doing business in Missouri and that meaning is what was intended by the Legislature.

◼◼ It has long been recognized that the service letter statute is a penal statute and should be strictly construed in favor of the employer. It has also been recognized that it is incumbent on the former employee, in a civil action for damages, to show that he is within the terms of the statute. Lyons v. St. Joseph Belt Railway Company, 232 Mo.App. 575, 84 S.W.2d 933.

One of the first cases to be considered by our Supreme Court concerning the service letter statute was Cheek v. Prudential Insurance Company, 192 S.W. 387, L.R.A. 1918A, 166, in which the court reviews the legislative history of the statute and discussed the intent of the Legislature in the enactment of the statute. The court concluded that the statute constituted a valid exercise of state police power to protect the public and employees in Missouri. The court stated that the statute became a part of the employment contract. The concept that the service letter statute becomes a part of the employment contract was followed in Brinks, Inc. v. Hoyt, 179 F.2d 355 (8th Cir., 1950) where the court held that a failure by the employer to comply with the service letter statute was a breach of the employment contract.

In Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, the Supreme Court en banc, construing certain provisions of the Workmen's Compensation Law, analogized those provisions to the service letter statute. The court cited with approval Brinks, Inc. v. Hoyt, *supra*, stating that the service letter statute on the books "at the time and place of making the employment contract and in force at the place of performance of the employment contract, which affect the validity, construction and enforcement of said contract, enter into and form a part thereof as if expressly incorporated therein.

◼ It is clear from the cases construing the Missouri service letter statute that the courts have strictly construed the statute in favor of the employer and that the Legislature intended the statute to protect persons employed in the State of Missouri. It is also clear that the service letter statute becomes a part of the employment contract of workers who are hired and who work in the State of Missouri for a corporation doing business in Missouri. Certainly the Legislature did not intend the service letter statute to have extra-territorial application, such as appellant seeks in this case. As stated in Walbridge v. Robinson, 22 Idaho 236, 125 P. 812, 43 L.R.A., N.S., 240, citing Black on Interpretation of Laws, " 'Prima facie, every statute is confined in its operation to persons, property, rights, or contracts, which are within the territorial jurisdiction of the Legislature which enacted it. The presumption is always against any intention to attempt giving to the act an extra-territorial operation and effect.' "; and citing Hilton v. Guyot,

159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95. " 'No law has any effect, of its own force, beyond the limits of the sovereignty from which its authority is derived.' "

Considering the legislative intent and construction of the statute by the courts of Missouri, it is clear that appellant is not entitled to a service letter under the Missouri service letter statute because appellant was not hired in Missouri, did not work in Missouri, was not discharged in Missouri, did not request a service letter from an office of respondent in Missouri, received no letters from respondent's office in the State of Missouri, and because there were no contacts between appellant and the State of Missouri insofar as his employment or discharge by respondent was concerned. Appellant's employment con-tract was a Kansas contract, since that is where he was hired and where he worked.

The judgment should be affirmed. Your Special Commissioner so recommends.

## PER CURIAM.

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court and the judgment is affirmed.

HOWARD, P. J., CROSS, J., and PHIL H. COOK, Special Judge, concur.

SHANGLER, J., not participating because not a member of the Court when the cause was submitted.