Norman CORDON, Plaintiff,

v.

TRANS WORLD AIRLINES, INC., a Delaware Corporation, Defendant.

Civ. A. No. 75–68–C2.

United States District Court, D. Kansas.

Nov. 16, 1977.

Richard D. Rixner and O. P. Peterson, Jr., of Rixner & Callen, Shawnee Mission, Kan., for plaintiff.

John J. Jurcyk, Jr., of McAnany, Van Cleave & Phillips, Kansas City, Kan., Karl J. Schmidt, of Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., Richmond M. Enochs, of Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This is a diversity action wherein the plaintiff has filed a three count complaint against his former employer and seeks to recover a total of $258,000 in damages. The plaintiff was an employee of TWA for a period of more than eight years, terminating in April 6, 1973. The case is before the court at this time upon the defendant's motion for summary judgment on Count I and Count II.

The substance of Count I is set out in paragraph seven of the complaint:

"7. That beginning about four or five weeks prior to April 6, 1973, defendant, acting through its employees, clothed with authority to carry out such actions, wrongfully and without just cause, failed to provide reasonable working conditions and reasonable hourly requirements for its employees, and negligently allowed such conditions and requirements to exist to such an extent that plaintiff was caused to become physically and mentally exhausted, caused to be fired from his employment, and as a direct and proximate result of these aforesaid injuries, was caused to be damaged by reason of defendant's wrongful and negligent acts as more fully described in Paragraphs 5, 6, and 7 of this Count I of this complaint, in the sum of Thirty-six Thousand Dollars ($36,000.00)."

The defendant makes two arguments in support of its motion for dismissal of Count I, the first being that Count I is barred by the applicable statute of limitations, K.S.A.1968 Supp. § 60–513. That section requires that tort actions be brought within two years. The cause of action does not accrue until the act giving it rise to the cause of action first causes substantial injury.

This lawsuit was filed on April 3, 1975. It is apparently agreed by both parties that the plaintiff was employed by the defendant through April 6, 1973. It is the defendant's contention that the plaintiff was actually fired on March 22 or March 23, 1973, and that the cause of action accrued at this point in time only. The plaintiff, in deposition testimony, has admitted that he was told that he had been terminated on March 22. The plaintiff also claims, however, that on March 23 he was told that he would not be terminated until April 6, and that he had until that time to seek other employment with TWA. In addition, the plaintiff has produced a letter from an officer of the defendant which states that the plaintiff was employed from May 15, 1972 to April 6,

1973 as a Senior Instructor of In-Flight Services. On this basis, the plaintiff argues that the statute of limitations did not begin to run until April 7, 1973.

The defendant has correctly pointed out that under Kansas law a cause of action accrues at the first point in time which one party has a right to sue another for damages suffered. *Ruthrauff v. Kensinger*, 214 Kan. 185, 519 P.2d 661 (1974). While we do not quarrel with this proposition, under the current facts it does little more than restate the question. It is also worth noting, that the plaintiff is not basing Count I solely on an allegation of wrongful discharge. Rather, the plaintiff has alleged negligent as well as wrongful acts regarding working conditions occurring over a five week period immediately prior to April 6, 1973. Under Kansas law, where a cause of action is predicated on numerous acts occurring over an extended period, the cause of action accrues anew with each act, at least until the injury becomes permanent. *Henderson v. Talbott*, 175 Kan. 615, 266 P.2d 273 (1954); *Simon v. Neises*, 193 Kan. 343, 395 P.2d 308 (1964). The court is unable to determine for certain at this juncture whether or not plaintiff's injuries were "permanent" as of April 3, 1973. At any rate, the overall factual record before the court does not warrant the granting of a motion for summary judgment upon the ground that the statute of limitations on Count I had begun to run prior to April 3, 1973. It has long been the rule in the Tenth Circuit that sustaining a motion for summary judgment is a harsh and drastic measure which should be applied with caution and only when it appears beyond any doubt that no issue of fact remains. *Machinery Center, Inc. v. Anchor National Life Insurance Co.*, 434 F.2d 1 (10th Cir. 1970); *Bushman v. Conner*, 307 F.2d 888 (10th Cir. 1962).

The second ground asserted by the defendant in support of its motion for summary judgment on Count I is that the claim comes exclusively within the provisions of the Kansas Workmen's Compensation Act, and is therefore not properly before this court. This argument was asserted and rejected (without prejudice) by the court in the defendant's previous motion to dismiss. The court is still of the opinion that the allegations of Count I do not bring the case within the Workmen's Compensation Act. The Act applies to "personal injury by accident arising out of and in the course of employment." K.S.A. § 44–501. "Accident" is defined as meaning "an undesigned, sudden and unexpected event or events, usually of an afflictive or unfortunate nature and often, but not necessarily, accompanied by a manifestation of force." K.S.A.1974 Supp. § 44–508(d). Even a liberal interpretation of the Workmen's Compensation Act would not bring Count I within this definition of "accident".

The motion for summary judgment as to Count I will therefore be denied.

We turn now to the defendant's motion for summary judgment on Count II. The substance of Count II is set out in the complaint as follows:

"3. Plaintiff states that on January 18, 1975 he made written request for a service letter from his employer, Trans World Airlines, Inc.

4. That defendant, in its letter to plaintiff, dated March 3, 1975, failed to state the true reason for plaintiff's discharge from his employment.

5. That defendant intentionally and willfully assigned in its service letter dated March 3, 1975, the wrong reason for plaintiff's discharge from his employment.

6. Plaintiff states that defendant having terminated plaintiff's employment, and by reason of the acts alleged in Paragraphs 4 and 5 of this Count II of this complaint, defendant failed, and wrongfully refused, upon written request of plaintiff, and in direct violation of Kansas Statutes Annotated Section 44–808(3) and Annotated Missouri Statutes Section 290.140 to furnish plaintiff under the laws of the States of Kansas and Missouri.

7. That plaintiff has been damaged by reason of defendant's aforesaid failure to

furnish such a proper service letter in the sum of One Hundred Thirty-six Thousand Dollars ($136,000.00)."

■ The Kansas Service Letter statute reads, in pertinent part as follows:

"It shall be unlawful for any employer

. . . . .

(3) to refuse to furnish, upon written request of any employee whose services have been terminated, a service letter setting forth the tenure of employment, occupational classification and wage rate paid the employee." K.S.A. § 44–808(3).

The plaintiff himself has produced a copy of a letter dated March 3, 1975 which appears to comply with the three requirements of this statute. The plaintiff does not dispute this, but bases his argument for liability under the Kansas Statute upon allegedly unnecessary, untruthful, and defamatory statements contained in the last paragraph of the letter:

"TWA believed that you demonstrated inadequate supervisory judgment and/or communication skills in not keeping students informed as to their training progress and status, and for that reason your employment was terminated."

The plaintiff attempts to relate the above statement to the statute by arguing as follows:

"To say that the employer may set forth the three essential elements to avoid liability and then denigrate the employee with falsehoods in the body of the letter contravenes the spirit of the statute to say the least. Therefore, plaintiff submits that if the employer goes beyond the absolute requirements of the statute, such surplusage must at least be a truthful representation of the employee's service."

While this is a rather inventive argument, the court cannot accept it. Such an interpretation is simply not warranted under the language of the statute. It would stretch the bounds of judicial creativity to hold that this statute, which does not even mention the grounds for termination of the

employment, is a basis for a civil suit for stating untruthfully the reasons for the termination. This does not imply, of course, that the plaintiff does not have a remedy for the (allegedly) defamatory statement. We merely hold that the remedy is not found under this statute.

■ The Missouri statute upon which the plaintiff seeks to impose liability on Count II reads, in pertinent part, as follows:

"Whenever any employee of any corporation doing business in this state shall be discharged or voluntarily quit the services of such corporation, it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, to issue to such employee a letter, duly signed by such superintendent or manager, setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; . . ." Sec. 290.140 R.S.Mo. (1969).

If this statute is applicable, and if the plaintiff can show at trial the reasons given in the March 3, 1975 letter were indeed untruthful, then arguably this statute would authorize a cause of action such as Count II. Defendant contends that the statute actually applies only to persons employed in the state of Missouri, and that the statute is therefore inapplicable. In so arguing, the defendant relies principally upon the case of *Horstman v. General Electric Company*, 438 S.W.2d 18 (Mo.App.1969).

The defendant here is a corporation doing business in the state of Missouri. The plaintiff is a resident of the state of Kansas. His deposition testimony makes it apparent that (1) he was hired in Kansas (to fulfill the position of a Senior Instructor at Breech Training Academy which is located in Kansas); (2) his place of business was in Kansas; (3) he was fired in Kansas; (4) he mailed his request for a service letter to an

employee of defendant at defendant's office located in Kansas; and (5) he received a service letter from an employee of the defendant whose office was in Kansas.

The facts in this case are remarkably similar to the facts in the *Horstman* case, the only real difference being that the plaintiff in *Horstman* was a resident of Missouri, who was hired, worked, and was fired in Kansas, and who requested and received a service letter from defendant's officers in Kansas. In *Horstman* the Missouri Court of Appeals held that the Missouri Service Letter Statute only protected those persons who were actually employed in the state of Missouri. The court reasoned that accepting the plaintiff's argument would mean that any employee of General Electric, whose employees are located in all fifty states and in many foreign countries, would be entitled upon discharge to a service letter which strictly complied with the requirements of the Missouri Service Letter Statute, and that the Missouri Legislature could not have possibly intended such a result.

The plaintiff attempts to avoid the impact of the *Horstman* case by making two points. First, plaintiff argues that the *Horstman* decision was inspired by a fear that a contrary interpretation would open the Missouri courts to a "flood of litigation", that such a fear is groundless, and that therefore the *Horstman* decision is an unwise and unsound decision. Second, plaintiff claims that the defendant's principal place of business is in the state of Missouri (a point which the defendant vigorously disputes), and that this distinguishes the *Horstman* case. The court finds neither of these points to be persuasive.

First, it is not the function of this court, in a diversity case involving no issues of federal or constitutional law, to question the sound judgment of a Missouri court interpreting a Missouri statute. Absent some showing or reason to believe that if faced with the same question today the Missouri Supreme Court would rule differently, the *Horstman* case should be followed.

Further, the court is convinced that the *Horstman* decision is a wise one and that the court there reached a logical decision. A contrary decision would lead to absurd results. We note with particularity the following excerpt from *Horstman* :

"Certainly the Legislature did not intend the service letter statute to have extraterritorial application, such as appellant seeks in this case. As stated in *Walbridge v. Robinson*, 22 Idaho 236, 125 P. 812, 43 L.R.A., N.S., 240, citing Black on Interpretation of Laws, 'Prima facie, every statute is confined in its operation to persons, property, rights, or contracts, which are within the territorial jurisdiction of the Legislature which enacted it. The presumption is always against any intention to attempt giving to the act an extra-territorial operation and effect.'; and citing *Hilton v. Guyot*, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95. 'No law has any effect, of its own force, beyond the limits of the sovereignty from which its authority is derived.' "

Since the plaintiff cannot rely as a basis for liability upon either the Kansas statute or the Missouri statute, the defendant's motion for summary judgment on Count II must be sustained.

In so holding, the court does not in any way prejudice the defendant's right to proceed on a theory of "wrongful discharge". The full extent of today's ruling is that liability cannot be predicated on the two aforementioned statutes.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment on Count I be denied; and that defendant's motion for summary judgment on Count II be sustained.