**Donald G. BLIVEN, Appellant,**

v.

**BRUNSWICK CORPORATION, Respondent.**

**No. KCD 29732.**

Missouri Court of Appeals, Kansas City District.

Nov. 27, 1978.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 27, 1978.

Application to Transfer Denied Feb. 13, 1979.

---

Howard E. Bodney, Kansas City, for appellant.

Joseph E. Stevens, Jr., Eric T. Swanson, Kansas City, for respondent; Lathrop, Koontz, Righter, Clagett, Parker & Norquist, Kansas City, of counsel.

Before SHANGLER, P. J., SWOFFORD, C. J., and WASSERSTROM, J.

SWOFFORD, Chief Judge.

Appellant (Bliven), a former employee of the respondent (Brunswick), brought suit for both actual and punitive damages alleging that upon his termination as employee of Brunswick, he requested and Brunswick failed to furnish him with a "service letter" as required by Section 290.-140 RSMo 1969. Brunswick filed its motion to dismiss the action upon the basis that Bliven's petition failed to state a cause of action. This motion was sustained by the court below and Bliven appealed. Upon such record the scope of review of the judgment is clearly defined. This Court must accept the allegations of Bliven's petition as true and in a light most favorable to him, and afford to him all reasonable inferences to be drawn therefrom. *Collins v. Vernon*, 512 S.W.2d 470, 475[5] (Mo.App.1974). The pleadings shall be so construed as to do substantial justice, Rule 55.24. Further, the propriety of the judgment of dismissal depends upon whether the petition invokes legal principles which, if the evidentiary facts support such principles, entitle Bliven to relief. *Brennaman v. Andes & Roberts*, 506 S.W.2d 462, 463[1] (Mo.App.1973). When so viewed, the record presents the following facts:

In December, 1974, Bliven was a resident of Missouri and Brunswick was a Delaware corporation with its principal office at Skokie, Cook County, Illinois, and was authorized to do business in Missouri. In that month and year, Bliven entered into an employment contract with one Wayne Dollar, District Manager for Brunswick, to be Assistant Manager of "Brunswick Glad-

stone Bowl", a facility of Brunswick in Gladstone, Clay County, Missouri. The agreement for such employment was entered into in Clay County, Missouri. Bliven continued in this capacity until September of 1975, a period of nine (9) months, at which time he was transferred by Brunswick to take over the job of Manager of the "Orbit Lanes" for Brunswick at New Orleans, Louisiana, where he worked in that capacity for about five (5) months. Bliven was then transferred to the job of Assistant Manager of the "Valley View Lanes", a facility of Brunswick at Council Bluffs, Iowa, where he served until April, 1976, a period of two (2) months. He was then transferred to the job of Manager of Brunswick's facility "Frontier Lanes" at Wichita, Kansas as Manager, in which capacity he served until December 29, 1976, a period of eight (8) months, when he was fired or terminated by Brunswick in Wichita, Kansas. Bliven's total period of employment by Brunswick in these four states spanned a period of approximately two (2) years. He was employed in Missouri and terminated in Kansas.

After his termination, Bliven wrote to one Al Weiner, Vice President of Brunswick (whose address does not appear) requesting a service letter. In response, he received a letter from John R. Lauderback, Personnel Director of Brunswick, (whose address does not appear), advising him that his request to Al Weiner had been forwarded to Wayne Dollar, "District Manager" (the person who had employed Bliven), and that Bliven "should be hearing from Mr. Dollar in the very near future". Lauderback's letter shows that copies were sent to Weiner and Dollar. Bliven did not hear anything from Brunswick nor did he ever receive a service letter as required from the company by Section 290.140 RSMo 1969. This suit was thereupon filed in June of 1977, at which time Bliven was a resident of Missouri.

◼ The single ground stated in Brunswick's motion to dismiss Bliven's case is that he alleged no cause of action for the reason that Brunswick was not required to furnish a service letter under the facts since Bliven "was not, at the time of his *termination* of employment, an employee *working in Missouri* for a corporation doing business in Missouri." (Emphasis added). The judgment in the court below sustaining the motion to dismiss, states no specific reason for such action, so it must be assumed that the court adopted Brunswick's theory for dismissal. *Vorbeck v. McNeal,* 560 S.W.2d 245, 249[1] (Mo.App.1978).

Bliven asserts that the court erred in dismissing his case because at the time he was employed by Brunswick he was a resident of Missouri, the contract of employment was entered into in Missouri, Brunswick was doing business in Missouri; that he served under said contract for a period of more than 90 days (i. e. 9 months); that he was a resident of Missouri at the time of the filing of the suit, and that such facts constitute significant and sufficient contact with Missouri for the application of Section 290.140 RSMo 1969. That statute provides, in part material to this case:

"Whenever any employee of any corporation doing business in this state shall be discharged * * * it shall be the duty of the superintendent or manager of said corporation, upon the written request of such employee to him, if such employee shall have been in the service of said corporation for a period of at least ninety days, to issue to such employee a letter * * * setting forth the nature and character of service rendered by such employee to such corporation and the duration thereof, and truly stating for what cause, if any, such employee has quit such service; * * * *"

When Bliven and Brunswick, acting through its District Manager, Dollar, entered into the employment contract in Missouri, this statute became a part of such agreement. This general rule is stated in *Sharp v. Interstate Motor Freight System,* 442 S.W.2d 939, 945[6, 7] (Mo. banc 1969), where the court said:

" * * * It is a fundamental rule that the laws which exist at the time and place of making a contract, and at the place where it is to be performed, affect-

ing its validity, construction, enforcement, termination and discharge, enter into and form a part of the contract as if they were expressly referred to or incorporated therein. (Many cases cited)."

This principle of contract law is often referred to as the doctrine of "*lex loci contractus*", *State ex rel. McCubbin, Admr. v. McMillian,* 349 S.W.2d 453, 468[21] (Mo.App. 1961) and has been recognized as applicable to contracts of employment involving the Missouri service letter statute, *Cheek v. Prudential Life Ins. Co.,* 192 S.W. 387, 393[7] (Mo.1917); *Brink's, Inc. v. Hoyt,* 179 F.2d 355, 358[1] (8th Cir., 1950); *Horstman v. General Electric Company,* 438 S.W.2d 18, 20[4] (Mo.App.1969), which cites *Brink's,* supra, on this principle; Cf. *Christy v. Petrus,* 365 Mo. 1187, 295 S.W.2d 122 (Banc 1956).

There can be no argument that the Bliven contract of employment entered into in December of 1974 was a Missouri contract which incorporated, by operation of law, the terms and provisions of Section 290.140, supra. Nor is there any room for doubt that Bliven has alleged in his petition full compliance with its conditions, namely:

1.  That Brunswick was doing business in Missouri;
2.  that Bliven was in its service in Missouri for approximately nine months;
3.  that he made written request for a service letter;
4.  that Brunswick failed to furnish such letter; and
5.  that he sustained damages as a direct result of such failure.

But Brunswick maintains that this chain was broken and that it was relieved of its obligation under the contract and under the statute by reason of the fact that it transferred the scene of Bliven's service over a period of approximately one year and three months to three other states, and that he was terminated in Kansas. A reading of the statute fails to find any legislative requirement that *all* of the employee's service be performed in Missouri or that such employment be *terminated* in Missouri before the terms of the statute are applicable to a Missouri employment contract. Brunswick would have this Court write such terms into the statute by decision and thus invoke a power that does not exist. In this modern day of many corporations operating in all the states and many foreign countries, if the transfer of an employee (over which he presumably has little or no control short of resignation) from one place to another would change the obligations and terms of his employment contract instanter and from time to time the doctrine of *lex loci contractus* would be destroyed or, at the very least, rendered meaningless and impossible of application.

Brunswick (and presumably the trial court) relies solely upon the case of *Horstman v. General Electric Company,* supra, to support its position. *Horstman* is completely inapplicable to the facts before this Court. In *Horstman,* the plaintiff, then a resident of Missouri, was employed by a division of the defendant in the State of Kansas; performed all of his services over a period of ten years in Kansas; reported to respondent's place of business in Kansas; "worked for respondent solely in the State of Kansas"; was discharged in Kansas; requested and obtained a "service letter" in Kansas; and then there were no contacts, so far as Horstman's employment was concerned, in the State of Missouri. His sole basis for claiming that the Missouri service letter statute was applicable was that at the time his contract of employment was entered into in Kansas, at the time he requested a service letter, and at the time he filed suit, he was a resident of Missouri, and that the defendant was licensed to do business in Missouri, although he performed no services for it in Missouri. A motion for summary judgment in favor of the employer was sustained and upon appeal to this Court was affirmed, the judgment holding that Horstman's employment contract under the facts in that case was a Kansas contract and the Missouri service letter statute was inapplicable and had no extraterritorial effect. In the case before this Court, Bliven had significantly greater and, indeed, decisive, contacts and *nexus* with Missouri.

*Hortsman* is inapplicable to this case.

Many different employment situations can be argued by analogy pro and con and counsel have done so in their briefs. For example, Bliven hypothesizes a situation where a Missouri employee is transferred into another jurisdiction for the sole purpose of discharge in order to avoid the service letter statute. And Brunswick counters by hypothesizing a situation where a transferred employee works in another jurisdiction for twenty years before discharge. Such endeavors are fruitless since each case must be judged upon its own facts toward the ever present (and sometimes elusive) goal of substantial justice.

■ In this case and under the facts pled, the conclusion is inevitable that Bliven pled a cause of action under the Missouri service letter statute, that Brunswick violated its contract, and the court erred in sustaining Brunswick's motion to dismiss.

The judgment is reversed and the cause remanded with directions to reinstate Bliven's cause of action.

All concur.