NOVEMBER 30, 1981

No. 81–589. MCCLUNEY *v.* JOS. SCHLITZ BREWING CO.
Affirmed on appeal from C. A. 8th Cir. 

JUSTICE STEVENS, dissenting.

Appellant Forrest McCluney brought this action to recover damages under the Missouri "service letter statute," Mo. Rev. Stat. § 290.140 (1978).[1] McCluney entered into an employment contract with appellee Jos. Schlitz Brewing Co. in Missouri in 1956. In 1970, Schlitz offered McCluney the position of plant manager at its facility in North Carolina. Appellant accepted the position and moved to North Carolina. In 1975, Schlitz offered McCluney a position as vice president of plant operations at Schlitz' corporate headquarters in Wisconsin. McCluney again accepted. Thereafter, McCluney was fired and sought a "service letter" pursuant to the Missouri service letter statute.

In *Horstman* v. *General Electric Co.*, 438 S. W. 2d 18 (Mo. App. 1969), a Missouri state court held, as a matter of state law, that a Missouri resident employed under a Kansas employment contract was not entitled to a service letter under the Missouri service letter statute. The court stated:

> "Considering the legislative intent and construction of the statute by the courts of Missouri, it is clear that appellant is not entitled to a service letter under the Missouri service letter statute because appellant was not

---

[1] The statute provides that, whenever any employee of a corporation doing business in the State is discharged or voluntarily quits the service of such corporation, the manager of the corporation must issue a letter to the employee setting forth the nature and character of the service rendered by the employee and the reason, if any, for the termination of service.

hired in Missouri, did not work in Missouri, was not discharged in Missouri, did not request a service letter from an office of respondent in Missouri, received no letters from respondent's office in the State of Missouri, and because there were no contacts between appellant and the State of Missouri insofar as his employment or discharge by respondent was concerned. Appellant's employment contract was a Kansas contract, since that is where he was hired and where he worked." *Id.*, at 21.

In the instant case, the Court of Appeals expressly held that the employment contract entered by appellant in Missouri in 1956 was discharged in 1970 when appellant accepted a promotion to a position as a plant manager in North Carolina; the court unequivocally stated that "[t]his suit is not upon a Missouri contract." 649 F. 2d 578, 583. The Court of Appeals recognized that in *Bliven* v. *Brunswick Corp.*, 575 S. W. 2d 788 (Mo. App. 1978), the court held that a "service letter" was required in a case in which an employee had been hired in Missouri and then transferred to four different States over a 2-year period. The Court of Appeals specifically distinguished *Bliven*, however, in concluding that the instant suit was *not* based upon a Missouri employment contract.[2] In

---

[2] As stated by the Court of Appeals:

"Although it is not entirely clear from the court's opinion, it would appear that the plaintiff in *Bliven* performed essentially the same employment function in each facility, and the court characterized the involuntary transfers as part and parcel of the original contract. Moreover, the short duration of employment in each facility highlights the transient nature of Bliven's employment for the fifteen months he worked outside Missouri. By contrast, we hold that McCluney's 1956 contract was discharged in 1970 when he accepted Schlitz's offer of a promotion to plant manager of the Winston-Salem Plant. That 1970 contract was, likewise, discharged when McCluney accepted Schlitz's offer of a promotion to vice president of plant operations in Wisconsin in 1975. The 1975 contract is twice removed from the original 1956 Missouri contract. . . . The simple fact that McCluney was originally hired in Missouri, in the light of his subsequent employment history with Schlitz, is not controlling. This suit is not upon a Missouri contract." 649 F. 2d, at 583.

light of *Horstman*, this conclusion of the Court of Appeals strongly suggests that, as a matter of state law, the Missouri service letter statute does not apply in this case. Without expressly deciding that state law question, however, the Court of Appeals appears to have concluded that an application of the statute to this employment relationship would be unconstitutional.[3]

It is not our business to decide the proper interpretation of Missouri law; indeed, we are precluded from considering state law questions in an appeal from a decision of a federal appellate court. 28 U. S. C. § 1254(2). What is critical, however, is that if the Missouri statute was not applicable *as a matter of state law*, as the Court of Appeals suggests by distinguishing *Bliven* and by ruling that this case was not based on a Missouri contract, then the Court of Appeals should not have considered whether an application of the Missouri statute would violate due process. Certainly, this Court should not affirm what may be nothing more than an advisory opinion that an unintended application of state law would violate the Federal Constitution.[4] Since the Court of Appeals appears to have expressed an opinion on a federal constitutional question without first ruling on a necessary question of state law, I would remand this case to the Court

---

[3] The actual holding of the Court of Appeals is not without ambiguity. In the text of its opinion, the court simply rules that the contacts between Missouri and the transaction at issue are not sufficient to permit an application of Missouri law. This proposition is not inconsistent with a ruling that, as a matter of state law, the statute is inapplicable in this case. See *Bliven* v. *Brunswick Corp.*, 575 S. W. 2d 788 (Mo. App. 1978). However, in a footnote early in its opinion, the Court of Appeals stated that "we determine that the extraterritorial application of the Missouri service letter statute to the facts of this case violates due process. . . ." 649 F. 2d, at 580, n. 2.

[4] The question whether the State of Missouri would have the power to require all corporations licensed to do business in the State to give a "service letter" upon request to any person originally hired in the State, even with respect to subsequent employment contracts made in other States, is not as easy as the Court's summary affirmance implies.

of Appeals for a determination in the first instance of whether, as a matter of state law, the Missouri statute is applicable on the facts of this case.