**William F. RAMM, Plaintiff,**

v.

**DEMPSTER SYSTEMS, INC., Defendant.**

**No. 83–0417–CV–W–3.**

United States District Court, W.D. Missouri, W.D.

Jan. 9, 1985.

Kelly L. McClelland, Kansas City, Mo., for plaintiff.

Allan L. Bioff, Kansas City, Mo., for defendant.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT ON COUNT ONE

ELMO B. HUNTER, Senior District Judge.

Before the Court is defendant's motion for summary judgment. Defendant argues that, under the undisputed facts, the Missouri service letter statute does not contemplate control over defendant, that Missouri law should not be applied under Missouri's choice of law rules, and that application of the statute would violate the Fifth and Fourteenth Amendments of the United States Constitution.

Defendant is an Ohio corporation with its principal place of business in Knoxville, Tennessee. On October 28, 1981, plaintiff inquired through the mail about employment with defendant. Plaintiff's letter was sent from Florida. On November 2, 1981, defendant responded that there were then no openings, but that his letter would be kept on file.

In early 1982, while plaintiff was residing in Kansas City, Missouri, plaintiff discovered that defendant was looking for a district sales manager to replace the one previously living in the Houston, Texas, area. Plaintiff phoned defendant about this opening. On February 25, 1982, defendant's personnel director telephoned from Tennessee to plaintiff's residence in Kansas City to arrange an interview in Tennessee.

On March 8, 1982, defendant's personnel director again called plaintiff in Kansas City from Tennessee, this time to extend an offer of employment. Plaintiff accepted this offer and agreed to go to Knoxville. On March 10, plaintiff went to Knoxville

for a physical exam and three days of training and orientation. While in Knoxville plaintiff signed an Employment Agreement required by defendant as a prerequisite for employment. The agreement provided, *inter alia*, that "this agreement ... supersedes any and all agreements of every kind relating to my employment ... heretofore entered into by and between [Dempster] and me." Defendant began paying plaintiff on March 10.

Plaintiff was employed as Midwestern District Sales Manager covering thirteen states including Missouri. Plaintiff's job required extensive travel throughout his district.

Plaintiff was not required to live in Missouri. The previous sales manager lived in Houston, Texas. Plaintiff in fact changed his residence to Lenexa, Kansas, in July of 1982, while employed by defendant. Throughout plaintiff's employment with defendant, he was instructed to use his home as a business office.

The decision to terminate plaintiff was made in Knoxville, Tennessee, on or about September 3, 1982. Defendant's representative phoned plaintiff and arranged a meeting at Kansas City International Airport to discuss business matters. On September 8, at the arranged meeting, plaintiff was notified of his termination.

When plaintiff was terminated, defendant employed a total of 355 employees, with 350 located in Tennessee, one in California, one in Georgia, one in Massachusetts, one in Ohio and one in Kansas (plaintiff).

On or about January 19, 1983, plaintiff mailed a letter requesting a service letter "pursuant to the Missouri Service Letter Statute setting forth the nature and character of the service ... rendered ..., the duration of employment ..., and the true cause, if any for ... discharge on September 7, 1982." At the time the letter was sent, defendant employed no one in either Missouri or Kansas.

▮▮▮ Under Missouri law, an employee need not be a resident of or work in Missouri at the time of discharge to take advantage of Mo.Rev.Stat. § 290.140. When an employee enters employment under a Missouri employment contract, the statute becomes a part of the agreement, and a subsequent move out of state will not relieve the employer from the obligation imposed by the statute. *Bliven v. Brunswick Corp.*, 575 S.W.2d 788 (Mo.App.K.C.1978). An out-of-state employee not employed under a Missouri employment contract, however, is not covered by the statute. *See, McCluney v. Schlitz Brewing Co.*, 649 F.2d 578 (8th Cir.1981), *aff'd Mem.*, 454 U.S. 1071, 102 S.Ct. 624, 70 L.Ed.2d 607 (1981). This is so notwithstanding the fact that the employee originally was hired in Missouri under a Missouri employment contract and had worked for some time in Missouri. *Id.*

In the case at bar, plaintiff originally inquired about employment by sending a letter to Tennessee from his residence in Florida. After plaintiff moved to Missouri, he telephoned defendant in Tennessee regarding employment prospects. Plaintiff was interviewed in Tennessee at defendant's expense. Plaintiff accepted an offer made telephonically from Tennessee while plaintiff was physically present in Missouri.

The Court need not decide whether the telephone offer and acceptance constituted a Missouri employment contract. Plaintiff later entered into a written employment contract which by its terms superseded any prior employment agreement. Under Missouri's choice of law analysis of "most significant contacts," *National Starch and Chemical Corp. v. Newman*, 577 S.W. 99, 102 (Mo.App.K.C.1978), it is clear that the superseding contract is governed by Tennessee law and is not a Missouri employment contract. This agreement was entered into in Tennessee between plaintiff and an Ohio corporation that has its principal place of business in Tennessee. Plaintiff was to receive training and orientation in Tennessee. The plaintiff's sales district was to cover thirteen states, one of which was Missouri. Plaintiff was instructed to use his home as his business office to send

and receive business communications. At the time he was hired, his home was in Missouri, but location in Missouri was not a requirement imposed by defendant. Plaintiff replaced a Sales Manager whose home was in Houston, Texas. Plaintiff's job required extensive travel throughout his sales district. Only one of the dealers that plaintiff called on was located in Missouri. Plaintiff was free to move his residence and in fact did so.

There is no indication that plaintiff's location in Missouri was more than a fortuitous fact, or that it had anything to do with the making of the contract.[1] These facts when considered in light of the justified expectations of the parties, and the factors of predictability, uniformity of result, and the needs of an interstate system require a finding that the parties were operating under a Tennessee contract.

The Missouri legislature did not intend the service letter statute to have extra-territorial applications; it was designed to protect the public and employees in Missouri. *Horstman v. General Electric Co.*, 438 S.W. 18, 20 (Mo.App.K.C.1969). Plaintiff, at the time of termination and request for a service letter was a resident of the State of Kansas. Although plaintiff had previously lived and worked in Missouri, the protection of the statute did not follow him[2] when he moved out of state.

The fact that plaintiff was notified of his termination when he was physically present in Missouri likewise does not bring the statute into play. Since the statute was intended to protect the public and employees in Missouri, it does not cover employees who happen to be in Missouri when they are terminated.

Because of the disposition of the above issue, the Court need not reach the defendant's remaining arguments.

Accordingly, it is hereby ORDERED that defendant's motion for summary judgment on Count I is granted.

---

1. Plaintiff repeatedly points out that, in ruling on a motion to dismiss for lack of personal jurisdiction over defendant, this Court wrote that the employment relationship "originated, developed, and terminated in Missouri," and cites such statement as establishing Missouri as the "focal location" of the relationship of the parties. An evaluation of contacts for purposes of a finding of personal jurisdiction over defendant does not attempt to find a "focal location," but only considers whether the contacts between the defendant, the cause of action, and the forum reach the minimum level required by the due process clause.

2. The Court takes no position on whether an employee working under an employment contract governed by a state other than Missouri, but who is a resident of Missouri and/or works full time in Missouri, is entitled to a service letter under the Missouri service letter statute.